## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHARON F.; | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s),* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CYNTHIA MARTIN, | ) | JURY DEMANDED |
| LAKE FOREST COMMUNITY HIGH SCHOOL | ) | |
| DISTRICT 115 and LAKE FOREST HIGH | ) | |
| SCHOOL, | ) | |
| | ) | |
| *Defendant(s).* | ) | |
| | ) | |

## COMPLAINT AT LAW

Plaintiff, SHARON F., by and through her attorneys, GOLDBERG & GOLDBERG and for as their Complaint against Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, (collectively "Lake Forest School District"), hereby states as follows:

### BACKGROUND

1. At all times material, Defendant, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115 ("DISTRICT 115") was an organization authorized to conduct business in the State of Illinois, with its principal place of business in Lake Forest, Illinois. Defendant, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, includes any other organizations and/or entities operating under the same or similar name with the same or similar principal place of business.

2. DISTRICT 115 is comprised, in part, by Lake Forest High School ("LFHS").

3. At all times relevant hereto, LFHS, was under the direct authority and control of

DISTRICT 115.

4.      Currently, Defendant MARTIN is a resident of Des Plaines, Illinois.

5.      At all relevant times, MARTIN was acting as an agent and employee of LFHS and DISTRICT 115.

6.      MARTIN worked for the DISTRICT 115 at all relevant times while plaintiff was a student at LFHS, both as a paraprofessional, teacher and as a coach.

7.      The Plaintiff was a student at LFHS and encountered CYNTHIA MARTIN as both a professional in a supervisory capacity and as an athletic coach.

8.      At all relevant times, DISTRICT 115 supervised its employees' and agents' activities, including those of MARTIN, and assumed responsibility for the well-being of minor students, including Plaintiff.

9.      At all relevant times, DISTRICT 115 received federal funds and was required to comply with Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq.

**MARTIN'S HISTORY OF ABUSE OF STUDENTS**

10.     Throughout her tenure as a teacher, MARTIN was permitted by DISTRICT 115 to supervise children at LFHS with little or no training, oversight, or supervision.

11.     DISTRICT 115 had actual knowledge, by and through the observations of MARTIN's fellow teachers and coaches, of MARTIN's inappropriate behavior, including providing underage students with alcohol and illegal drugs

12.     MARTIN targeted Sharon F., a LFHS students enduring and experiencing difficulty at home, including the death of family.

13.     Upon information and belief, throughout her tenure as a paraprofessional, teacher and coach, MARTIN groomed and sexually abused female students, including the plaintiff.

14.     MARTIN utilized the facilities provided to her by DISTRICT 115 at LFHS to engage in grooming of female students and childhood sexual abuse of female students.

15.     In addition, MARTIN invited Sharon F. to travel out of state for athletics, to travel with her to and from school and to her home where MARTIN would provide Sharon F. alcohol and illegal drugs.  Faculty and administration were aware of this practice but did not stop it.

16.     MARTIN used her home and the provision of alcohol to groom students, progressing with inappropriate physical contact including hugs, back rubs, roughhousing, kissing, fondling, and oral and sexual intercourse.

17.     Despite DISTRCIT 115's knowledge of MARTIN's history of sexual battery of female students, even after transferring MARTIN, DISTRICT 115 continued to tacitly condone MARTIN's behavior by failing to take action against her.

18.     As set forth in greater detail below, throughout this time and for years prior to taking any action with respect to MARTIN, DISTRICT 115 was aware of widespread reports about MARTIN's inappropriate sexual conduct with students but chose to ignore those reports and to take no action to protect its students.

**MARTIN'S ABUSE OF SHARON F.**

19.     MARTIN's abuse of SHARON F. occurred approximately between the fall of 1986 and spring of 1988.

20.     SHARON F. was a female, between 16 years and 18 years old at the time of MARTIN's abuse.

21.     SHARON F. was a member of the softball team supervised and coached at LFHS by MARTIN.

22.     At the time MARTIN was SHARON F.'s teacher and coach at LFHS, SHARON

F. was experiencing emotional trauma from her father's recent untimely death and mother's reaction to the same.

23.     SHARON F. played softball her Junior and Senior year at LFHS.  MARTIN often gave SHARON F. rides to and from school and games.  During these rides she began to offer SHARON F. alcohol and drugs.

24.     MARTIN took the opportunity to be SHARON F.'s adult guide through grief and loss, grooming her for sexual abuse.

25.     The grooming and sexual abuse continued with MARTIN providing SHARON F. alcohol and drugs throughout her junior and senior year at LFHS.  MARTIN told SHARON F. not to tell anyone about the abuse because MARTIN loved SHARON F.

26.     SHARON believed that this behavior was alright as long as SHARON was drunk or high.

27.     Eventually, SHARON F. and MARTIN would go to MARTIN's friend's homes, who were also teachers at LFHS, to get high, drunk and have sex.

28.     The abuse was ongoing and continued during the course of SHARON F.'s time at LFHS.

29.     As a result of the foregoing, SHARON F. has suffered and continues to suffer injuries, including but not limited to, severe and permanent emotional distress, resulting in physical manifestations, embarrassment, loss of self-esteem, humiliation, physical, personal, and psychological injuries. SHARON F. was prevented and continues to be prevented, from performing normal daily activities and obtaining full enjoyment of life and/or has incurred and will continue to incur expenses for psychological treatment, therapy, and counseling and, on information and belief has and/or will incur loss of income and/or loss of earning capacity.

30.     SHARON F.  did not discover that the act of childhood sexual abuse occurred and that her injury was caused by the childhood sexual abuse until years later, at the earliest July of 2019.

## DISTRICT 115'S KNOWLEDGE OF
## MARTIN'S INAPPROPRIATE SEXUAL BEHAVIOR

31.      By 1986, at the latest, MARTIN's inappropriate sexual abuse of minor female students was witnessed by members of the faculty at LFHS.

32.     By 1986, at the latest, MARTIN's behavior either was, or should have been, reported to the principal of LFHS by other faculty of LFHS, thereby providing LFHS and DISTRICT 115 actual knowledge of MARTIN's inappropriate sexual abuse.

33.     During all of the above events, DISTRICT 115, including its teachers, administrators, and school board members, knew of MARTIN's inappropriate sexual behavior with students.

34.     During all of the above events, teachers and school administrators reported their concerns regarding MARTIN's conduct to the Lake Forest School District. Among the concerns communicated to the Lake Forest School District were details regarding the above-referenced sexual abuse by MARTIN.  DISTRICT 115 took affirmative steps to hide the abuse by arranging for MARTIN to get a job at another school.

35.     In addition to the foregoing, DISTRICT 115 knew about widespread rumors that had been circulating for years throughout the school and community regarding MARTIN'sinappropriate sexual conduct with students.

## DISTRICT 115's CONCEALMENT OF
## MARTIN'S INAPPROPRIATE SEXUAL BEHAVIOR

36.     At all relevant times, the defendants DISTRICT 115 and LFHS turned a blind eye

to MARTIN's inappropriate sexual conduct with students and chose not to document any of these complaints, intervene, investigate, or otherwise act in response to these complaints.

## FRAUDULENT MISREPRESENTATION
## AND NON-DISCLOSURE OF KNOWLEDGE

37.     In 1987 or 1988, MARTIN was allowed to quietly change jobs and move to another school district.

38.     As detailed above, the Defendants DISTRICT 115 and LFHS knew about MARTIN's conduct, intentionally and/or fraudulently concealed that knowledge from students and parents, and at all times, held MARTIN out to be an upstanding teacher and coach by continuing to allow and encourage MARTIN to have unfettered access to students both as a teacher and coach.

39.     The Defendants DISTRICT 115 and LFHS had a duty to report, document, and warn students and their parents about MARTIN's conduct.

40.     Plaintiff suppressed the memories of the abuse she suffered as a minor until recently when she discovered that she had been suppressing the memories of her abuse, discovered her injuries, and became aware of her causes of action against defendants DISTRICT 115 and LFHS.

41.     Had Defendants DISTRICT 115 and LFHS not misrepresented and concealed their knowledge of the danger that MARTIN posed to students, plaintiff would have discovered this information sooner.

42.     Because of Defendants' DISTRICT 115 and LFHS misrepresentations and concealment, plaintiff was unaware of her claims against defendants; did not know or suspect that defendants had done anything wrong; and because of the misrepresentations and concealment, was otherwise not aware that the acts of defendants had caused her to suffer injury.

## DETRIMENTAL RELIANCE

43.     Students and parents reasonably relied on Defendants DISTRICT 115 and LFHS's representations about its teachers and coaches, including MARTIN, in good faith and to their detriment.

44.     Had plaintiff or her parents been told what the defendants DISTRICT 115 and LFHS knew for years about MARTIN, Plaintiff would not have been permitted to have contact with MARTIN.

45.     Plaintiff was prejudiced by her reliance on these representations and was prevented from discovering her sexual abuse and from bringing this lawsuit.

## EQUITABLE ESTOPPEL

46.     As described in greater detail above, defendants DISTRICT 115 and LFHS concealed material facts about MARTIN and what they knew about MARTIN's inappropriate sexual conduct with students.

47.     Defendants DISTRICT 115 and LFHS knew that by concealing their knowledge of MARTIN's inappropriate and criminal conduct that it was misrepresenting to students and their parents about the safety of LFHS.

48.     At all relevant times, plaintiff did not know that the representations made by Defendants DISTRICT 115 and LFHS were not true.

49.     Defendants DISTRICT 115 and LFHS intended or reasonably expected the representations to be relied upon or acted upon by plaintiff.

50.     Plaintiff reasonably relied upon the representations of defendants DISTRICT 115 and LFHS in good faith and to her detriment.

51.     Plaintiff has been prejudiced by her reliance on the representations of defendants

DISTRICT 115 and LFHS and fraudulent representations described above when she was sexually abused and thereafter prevented from discovering the causes of the abuse she suffered, including defendants' wrongful conduct.

52.     As a result of the foregoing, the defendants DISTRICT 115 and LFHS are estopped from relying on any statute of limitations that may have otherwise been implicated.

53.     Based on the foregoing, any statute of limitations defenses are likewise precluded pursuant to application of 735 ILCS 5/13-215.

## COUNT I – CHILDHOOD SEXUAL ABUSE

Plaintiff hereby re-alleges and incorporate all previous paragraphs as though fully set forth herein.

54.     MARTIN knowingly touched, fondled and engaged in oral and vaginal sexual intercourse with plaintiff, for the purposes of sexual gratification or arousal.

55.     At the time MARTIN sexually abused Plaintiff, plaintiff did not and could not give MARTIN consent.

56.     At the time of the sexual abuse plaintiff could not give consent, as plaintiff was under the age of 18, a student of MARTIN's and the age difference between MARTIN and plaintiff was more than 5 years.

57.     MARTIN's sexual conduct with SHARON F. without consent constituted acts of childhood sexual abuse as defined by 735 ILCS 5/13-202.2.

58.     As a direct and proximate result of the forgoing, the plaintiff suffered permanent injuries of a personal and pecuniary nature, and currently experiences mental anguish, humiliation and emotional and physical distress.

59.     Further, because of the aforementioned abuse and breach of trust, plaintiff has

suffered and will continue to suffer physical and emotional pain and distress.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

COUNT II – BATTERY

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

60.     MARTIN perpetrated an act of offensive contact with plaintiff through unsolicited hugs, and/or kissing, and/or rubbing and/or sexual intercourse.

61.     MARTIN intended to cause the contact.

62.     Plaintiff did not and/or could not consent to MARTIN's offensive contact.

63.     As a direct and proximate result of the forgoing, the plaintiff suffered permanent injuries of a personal and pecuniary nature, and currently experiences mental anguish, humiliation and emotional and physical distress.

64.     Further, as a result of the aforementioned abuse and breach of trust, plaintiff has suffered and will continue to suffer physical and emotional pain and distress.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

COUNT III – WILLFUL AND WANTON MISCONDUCT

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth

herein.

65.     It was the duty of defendants, DISTRICT 115 and LFHS, by and through its authorized agents, servants, and/or employees, officers, and directors, to refrain from willful and wanton conduct or exhibiting a reckless or intentional disregard for the safety of others, including plaintiff, and to exercise the utmost care for the welfare and wellbeing of the minor students at Lake Forest High School. This duty included, but is not limited to the duty to supervise MARTIN and her activities with students, including plaintiff, and the duty to report MARTIN's abuse of children, including his abuse of plaintiff, pursuant to the Abused and Neglected Child Reporting Act, 325 ILCS 5/1 et seq.

66.     Defendants DISTRICT 115 and LFHS, by and through its authorized agent(s), servant(s), employee(s), officer(s) and/or director(s) breached this duty by committing one or more of the following reckless or intentional acts and/or omissions:

      a.    allowed MARTIN to continue her position as a teacher and coach with authority and autonomy despite the fact that it knew or should have known that MARTIN was unfit for those positions and dangerous to students;

      b.    allowed MARTIN to continue her employment despite complaints about inappropriate sexual contact with students;

      c.    failed to implement any restrictions to MARTIN's access to students;

      d.    provided MARTIN with after-hours access to LFHS which allowed MARTIN to abuse students on school grounds;

      e.    failed to intervene and prevent acts of sexual misconduct by MARTIN;

      f.    failed to warn students and parents, including Plaintiff and her parents, that MARTIN posed a danger to students;

      g.    failed to investigate complaints about MARTIN;

      h.    failed to adequately supervise MARTIN;

      i.    failed to report MARTIN'S acts of sexual misconduct or suspected sexual

misconduct to authorities, pursuant to the Abused and Neglected Child Reporting Act, 325 ILCS 5/1 et seq;

j.    otherwise demonstrated deliberate or reckless disregard for Plaintiff's safety and wellbeing.

67.    As a direct and proximate result of one or more of the aforementioned willful and wanton acts and/or omissions plaintiff was subjected to sexual abuse and exploitation by MARTIN and was caused to suffer the above-referenced injuries as a result of the same.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT IV – NEGLIGENCE

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

68.    Defendants DISTRICT 115 and LFHS, by and through its authorized agents, servants, and/or employees, officers, and directors, owed a duty to exercise reasonable care under the circumstances, to exercise the utmost care for welfare and wellbeing of the minor students of LFHS, and to refrain from careless and negligent conduct against the minor students, including Plaintiff. This duty included, but is not limited to a duty to supervise MARTIN in her activities with students and particularly plaintiff, and a duty to report MARTIN'S sexual conduct pursuant to the Abused and Neglected Child Reporting Act, 325 ILCS 5/1 et seq.

69.    Notwithstanding this duty, defendants, DISTRICT 115 and LFHS, by and through its authorized agent(s), servant(s), employee(s), officer(s) and/or director(s) breached this duty by committing one or more of the following careless and negligent acts and/or omissions in breach of

its duty of care:

    a.    allowed MARTIN to continue her position as a teacher and coach with authority and autonomy despite the fact that it knew or should have known that MARTIN was unfit for those positions and dangerous to students;

    b.    allowed MARTIN to continue her employment despite complaints about inappropriate sexual contact with students;

    c.    failed to implement any restrictions to MARTIN's access to students;

    d.    provided MARTIN with after-hours access to Lake Forest High School which allowed MARTIN to abuse students on school grounds;

    e.    failed to intervene and prevent acts of sexual misconduct by MARTIN;

    f.    failed to warn students and parents, including Plaintiff and her parents, that MARTIN posed a danger to students;

    g.    failed to investigate complaints about MARTIN;

    h.    failed to adequately supervise MARTIN;

    i.    failed to report MARTIN'S acts of sexual misconduct or suspected sexual misconduct to authorities, pursuant to the Abused and Neglected Child Reporting Act, 325 ILCS 5/1 et seq;

    j.    otherwise demonstrated deliberate or reckless disregard for Plaintiffs safety and wellbeing.

70.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions, plaintiff was subjected to sexual abuse and exploitation by MARTIN and was caused to suffer the above-referenced injuries as a result of the same.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT V – NEGLIGENT FAILURE TO FOLLOW
## ESTABLISHED POLICIES AND PROCEDURES

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

71.     Upon information and belief, at all relevant times, defendants, DISTRICT 115 and LFHS had certain policies and procedures in place to investigate concerns, allegations, or complaints regarding teacher conduct.

72.     Defendants DISTRICT 115 and LFHS by and through its authorized agents, servants, and/or employees, officers, and directors, owed a duty to follow these policies and procedures and breached this duty in one or more of the following ways:

   a.     Allowed MARTIN to continue her position as a teacher and coach with authority and autonomy despite the fact that it knew or should have known that MARTIN was unfit for those positions and dangerous to students;

   b.     Allowed MARTIN to continue her employment despite complaints about inappropriate sexual contact with students;

   c.     failed to implement any restrictions to MARTIN's access to students;

   d.     provided MARTIN with after-hours access to Lake Forest High School which allowed MARTIN to abuse students on school grounds;

   e.     failed to intervene and prevent acts of sexual misconduct by MARTIN;

   f.     failed to warn students and parents, including Plaintiff and her parents, that MARTIN posed a danger to students;

   g.     failed to investigate complaints about MARTIN;

   h.     failed to adequately supervise MARTIN;

   i.     failed to report MARTIN'S acts of sexual misconduct or suspected sexual misconduct to authorities, pursuant to the Abused and Neglected Child Reporting Act, 325 ILCS 5/1 et seq;

   j.     otherwise failing to follow its own established policies and procedures which were intended to protect students from abuse by teachers.

73.     As a direct and proximate result of one or more of the aforementioned acts and/or

omissions, plaintiff was caused to suffer the above-referenced injuries as a result of the same.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT VI – BREACH OF FIDUCIARY DUTY

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

74.     Upon information and belief, at all relevant times, defendants DISTRICT 115 and LFHS, through its written policies and procedures, as well as through its overt acts and omissions, fostered a special relationship between teachers and coaches and students at LFHS.

75.     In connection therewith, defendants DISTRICT 115 and LFHS, by and through its agents, officers, directors, and school board members, held themselves out to be counselors, instructors, and authority figures to LFHS, including plaintiff.

76.     As a result, plaintiff justifiably placed great trust and reliance on defendants DISTRICT 115 and LFHS and its teachers and extra-curricular advisors, including MARTIN.

77.     Defendants DISTRICT 115 and LFHS maintained, fostered, and encouraged such relationships between its teachers and students, including the relationship between MARTIN and plaintiff.

78.     For example, defendants DISTRICT 115 and LFHS fostered a unique relationship between MARTIN and her students, including plaintiff, when the Lake Forest School District allowed MARTIN to use school grounds after-hours to congregate with students.

79.     Defendants DISTRICT 115 and LFHS further fostered this unique relationship

when it acquiesced to MARTIN travelling with students to and from extracurricular activities.

80.     As a result of the foregoing, a fiduciary relationship between defendants DISTRICT 115 and LFHS and Plaintiff was created.

81.     This fiduciary relationship established a duty, on the part of the defendants DISTRICT 115 and LFHS, of good faith and fair dealing, and the duty to act with the best interests of its students, including plaintiff. This duty included the duty to warn, disclose, prevent and protect LFHS students, including Plaintiff, from MARTIN'S abuse.

82.     Defendants DISTRICT 115 and LFHS breached its fiduciary duty to plaintiff by engaging in and allowing the conduct described herein.

83.     As a direct and proximate result of defendants' DISTRICT 115 and LFHS breach of its fiduciary duties, plaintiff has suffered and continued to suffer the above-referenced injuries and damages as described herein.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

**COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

84.     As set forth in greater detail above, at all relevant times, defendants, DISTRICT 115 and LFHS, knew that MARTIN was engaging in sexually inappropriate and/or criminal conduct with LFHS students, but nonetheless, chose to allow MARTIN to continue her employment with unfettered access to students.

85.     Defendants DISTRICT 115 and LFHS conduct as alleged throughout this complaint was extreme and outrageous.

86.     As a direct and proximate result of defendants' DISTRICT 115 and LFHS, intentional acts or omissions, plaintiff has suffered and continued to suffer extreme physical and emotional distress, embarrassment, humiliation, psychological trauma and other injuries alleged herein.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

87.     As set forth in greater detail above, at all relevant times, defendants, DISTRICT 115 and LFHS, knew or should have known that MARTIN was engaging in sexually inappropriate and/or criminal conduct with LFHS students, but nonetheless, chose to allow MARTIN to continue his employment with unfettered access to students.

88.     Defendants DISTRICT 115 and LFHS conduct as alleged throughout this complaint was negligent.

89.     As a direct and proximate result of defendants', DISTRICT 115 and LFHS, intentional acts or omissions, plaintiff has suffered and continued to suffer extreme physical and emotional distress, embarrassment, humiliation, psychological trauma and other injuries alleged herein.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

### COUNT IX - FAILURE TO SUPERVISE

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

90.     Defendants DISTRICT 115 and LFHS, through its school board members, administrators, teachers, employees and agents, was aware of MARTIN's propensity to commit acts of sexual harassment and abuse or misconduct against female minor students, making MARTIN's future misconduct and the harm likely to result from such conduct reasonably foreseeable.

91.     Defendants DISTRICT 115 and LFHS knew MARTIN was utilizing her employment and her access to school and female students to engage in predatory behavior including sexual grooming, sexual harassment and sexual abuse against minor female students.

92.     At all relevant times herein, plaintiff was under the direct and immediate control of MARTIN as an employee of defendants DISTRICT 115 and LFHS.

93.     Defendants DISTRICT 115 and LFHS had a duty to act in a reasonably prudent manner in the supervision of its teachers, counselors, coaches and administrators, including MARTIN, and to ensure that MARTIN and other employees acted in the best interest of the health, safety and welfare of children attending their school.

94.     Defendants DISTRICT 115 and LFHS, by and through its agents and/or employees acted with a reckless and conscious disregard for the safety and welfare of minor female students,

and breached its duties owed to plaintiff by committing one or more of the following acts or omissions:

      a.    allowed an environment wherein MARTIN could utilize school property, during and after school hours, without supervision of her activities, and engage in the sexual abuse of Plaintiff;

      b.    failed to protect plaintiffs despite its prior knowledge that MARTIN was involved in sexual grooming, sexual harassment and sexual abuse of other female students;

      c.    failed to document complaints received against MARTIN in accordance with DISTRICT 115 policies;

      d.    failed to warn and/or disclose to students of the DISTRICT 115 complaints received against MARTIN.

      e.    withheld information from minor students, including plaintiff and her parents or guardians concerning prior complaints of sexual harassment and sexual abuse perpetrated on minor female students by MARTIN;

      f.    failed to warn and/or disclose to individual minor students of the DISTRICT 115, including plaintiffs, of the complaints received against MARTIN.

95.    As a result of defendants' DISTRICT 115 and LFHS aforementioned breach, defendants DISTRICT 115 and LFHS proximately caused injury to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT X – NEGLIGENT RETENTION

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

96.    While MARTIN was an employee, defendants DISTRICT 115 and LFHS, through its agents, were aware of numerous complaints made against defendant MARTIN relating to her

inappropriate conduct involving male students.

97.     The sexually dangerous propensities of MARTIN made MARTIN unfit for the job and created a foreseeable danger to others.

98.     The unfitness of defendant MARTIN was a proximate cause of plaintiff's injuries.

99.     The conduct of defendants DISTRICT 115 and LFHS in intentionally hiring and retaining defendant MARTIN was willful and wanton as it was in reckless disregard for the safety of its students.

WHEREFORE, Plaintiff prays for judgment against the Defendants, CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, in an amount in excess of $50,000.00 plus attorney fees, interest, court costs and any other relief this Court deems equitable and just.

## COUNT XI – TITLE IX DISCRIMINATION (20 U.S.C. § 1681, et. Seq.)

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

100.    Title IX provides that "No person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, ..." 20 U.S.C. § 1681(a).

101.    At all relevant times, defendants DISTRICT 115 and LFHS were educational institutions that provided public-school education and receive federal financial assistance.

102.    Plaintiff belonged to protected group under Title IX.

103.    MARTIN subjected plaintiff to acts of sexual harassment and/or sexual abuse, including unwelcome touching of a sexual nature, unwelcome sexual advances, and unwelcome comments of a sexual nature.

104.   The sexual harassment and/or sexual abuse to which MARTIN subjected plaintiff was based on the sex of the plaintiff.

105.   At all relevant times, defendants DISTRICT 115 and LFHS possessed actual notice that it could be liable under Title IX for teacher, counselor, administrator-on-student sexual harassment, sexual grooming, sexual discrimination and sexual abuse.

106.   Based on prior reports of abuse, at the latest beginning in 1986, defendants DISTRICT 115 and LFHS, by and through its school board members, administrators, employees and agents, possessed actual knowledge of MARTIN's alleged sexual misconduct, including sexual harassment, sexual discrimination and sexual abuse of minor students.

107.   MARTIN'S acts of sexual harassment and/or sexual abuse was so severe, pervasive, and objectively offensive that it deprived the plaintiff of access to the educational opportunities or benefits provided by defendants DISTRICT 115 and LFHS.

108.   Defendants DISTRICT 115 and LFHS possessed decision-making authority concerning the procedures and actions taken upon reports of sexual abuse, sexual harassment and sexual grooming.

109.   Defendants DISTRICT 115 and LFHS had a duty based on Title IX to investigate reports of sexual abuse, sexual harassment, and sexual violence.

110.   That despite reports of MARTIN's misconduct, defendants DISTRICT 115 and LFHS, by and through its school board members, administrators, employees and agents, failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety in one or more the following ways:

      a.   failed to investigate reports of MARTIN's misconduct;

      b.   ignored and/or minimized reports of MARTIN's sexual misconduct, including sexual harassment and sexual abuse, despite an ongoing danger

to minor students within the Lake Forest School District;

c.     withheld and/or failed to properly document complaints received concerning MARTIN'S sexual misconduct;

d.     failed to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify whether or not inappropriate conduct occurred between any students/child and any other adult, whether generally or specifically in relations to MARTIN; and

e.     failed to otherwise institute corrective action designed to reduce the risk of harm and foreseeable acts of sexual harassment and sexual abuse perpetrated against minor students, including Plaintiff.

111.    Title IX, 20 U.S.C. § 1681 et. Seq., required defendants DISTRICT 115 and LFHS to provide educational opportunity on an equal basis to all students regardless of their sex.

112.    20 U.S.C. § 1981 affords plaintiffs a civil cause of action for damages and for appropriate injunctive relief against the BOE. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney fees is within the remedies available in an action brought are similar to 20 U.S.C. § 1981.

113.    That as a direct and/or proximate result of the conduct of defendants, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, as described above, plaintiff suffered sexual harassment, sexual abuse, and has sustained emotional distress as a result thereof and will continue to experience emotional distress in the future.

WHEREFORE, the Plaintiff prays for judgment against all Defendants, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT XII – DUE PROCESS/STATE-CREATED DANGER

Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth

herein.

114.    At all times, plaintiff had the constitutional right, through the Fourteenth Amendment's guarantee of due process, to be free of state-occasioned damage to a person's bodily integrity, including childhood sexual abuse.

115.    Defendants DISTRICT 115 and LFHS actively placed MARTIN in the position of teacher and coach where defendants knew MARTIN had unfettered and unsupervised access to minor, female schoolchildren.

116.    Defendants DISTRICT 115 and LFHS actions required deliberation and the defendants had time to make unhurried judgements and actions.

117.    Defendants DISTRICT 115 and LFHS affirmative action, placing MARTIN in charge of students as a coach, foreseeably and directly resulted in harm to plaintiff.

118.    DISTRICT 115 and LFHS' action of placing MARTIN in charge as coach was the but for cause of the dangers faced by plaintiff.

119.    DISTRICT 115 and LFHS acted with deliberate indifference to foreseeable injuries to plaintiff by placing MARTIN in charge of students she was coaching.

120.    Defendants DISTRICT 115 and LFHS's awareness of the risk to plaintiff rose to the level of actual knowledge or was sufficiently concrete to put defendants on notice of the harm.

121.    Defendants DISTRICT 115 and LFHS's affirmative action, placing MARTIN in charge of students as a coach, was directly connected to the harm suffered by plaintiff.

122.    Defendants DISTRICT 115 and LFHS, has a relationship with plaintiff such that the Plaintiff was a foreseeable victim of the defendants' actions.

123.    Defendants, DISTRICT 115 and LFHS, state actor MARTIN, affirmatively used her authority in a way that created a danger to the plaintiff or that rendered the plaintiff more

vulnerable to danger than had the state not acted at all.

124.    As a direct and proximate result of defendants' affirmative actions, plaintiff's constitutional rights as guaranteed by the due process clause of the Fourteenth Amendment, were violated and plaintiff sustained physical injuries, suffered severe emotional distress and humiliation.

WHEREFORE, the Plaintiff prays for judgment against all Defendants, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT XIII – SECTION 1983 VIOLATION OF CONSTITUTIONAL RIGHTS (MONELL DOCTRINE)

125.    Plaintiff hereby re-alleges and incorporates all previous paragraphs as though fully set forth herein.

126.    Claims based on Section 1983 for violations of constitutional rights may be brought concurrently with claims based on Title IX.  Fitzgerald v. Barnstable School Committee, 555 U.S. 246 (2009).

127.    At all times defendants DISTRICT 115 and LFHS were municipal agencies and the standards annunciated in Monell v. N.Y. Dep't of Soc, Servs. apply to these Defendants.

128.    At all times, plaintiff had the constitutional right, through the Fourteenth Amendment's guarantee of due process, to be free of state-occasioned damage to a person's bodily integrity, including childhood sexual abuse.

129.    At all times, defendants DISTRICT 115 and LFHS had policies, de facto practices, and customs in place to withhold from the community allegations of sexual misconduct by their agents and employees.

130.    At all times, defendants DISTRICT 115 and LFHS had policies, de facto practices,

and customs in place to not fully investigate allegations of sexual misconduct by their agents and employees.

131.    At all times, defendants DISTRICT 115 and LFHS had policies, de facto practices, and customs in place to not remove agents and employees accused of sexual misconduct from the premises and away from children.

132.    At all times policymakers for DISTRICT 115 and LFHS were deliberately indifferent to the known risk that the above policies, de facto policies, and customs would lead to constitutional violations.

133.    The above policies, de facto policies, and customs of DISTRICT 115 and LFHS were the proximate cause to the violations plaintiff's constitutional rights as guaranteed by the due process clause of the Fourteenth Amendment.

134.    The above policies, de facto policies, and customs of DISTRICT 115 and LFHS were the moving force behind the violations plaintiff's constitutional rights as guaranteed by the due process clause of the Fourteenth Amendment.

WHEREFORE, pursuant to Monell v. N.Y. Dep't of Soc, Servs., 436 U.S. 658 (1978), Plaintiff demands judgment against Defendants, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115, and LAKE FOREST HIGH SCHOOL, for an award of reasonable compensatory damages, plus attorney's fees and costs and any other addition relief this Court deems equitable and just.

## JURY DEMAND

Now Comes the Plaintiff, SHARON F., by and through her attorneys, Goldberg & Goldberg, and demands a trial by jury.

Ian R. Alexander (IL Bar # 6228738)
Joseph M. Preiser (IL Bar # 6300587)
GOLDBERG & GOLDBERG
33 North Dearborn Street, Suite 1930
Chicago, IL 60602
(312) 368-0255
ira@bgoldberglaw.com;
josephp@bgoldberglaw.com

GOLDBERG & GOLDBERG

By:_____/s/ Ian R. Alexander_____