IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON F., <br><br> Plaintiff, <br><br> v. <br><br> CYNTHIA MARTIN, *et al.*, <br><br> Defendants. | Case Number 1:21-cv-02756 <br> Honorable Gary Feinerman |

**MEMORANDUM OF LAW IN SUPPORT OF BOARD OF EDUCATION OF
LAKE FOREST HIGH SCHOOL DISTRICT 115's MOTION TO DISMISS**

Defendant, the Board of Education of Lake Forest High School District 115[1] (the "District"), by and through its attorneys, Franczek P.C., and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss the Complaint in its entirety.

**INTRODUCTION**[2]

Plaintiff alleges that she was abused by Defendant Cynthia Martin, a former teacher and coach at Lake Forest High School, between the fall of 1986 and spring of 1988 when Plaintiff was between the ages of 16-18 years old. Compl. at ¶¶ 19-21. Plaintiff alleges that she discovered that she was abused in July 2019. *Id*. at ¶ 30. Dismissal is warranted for the claims against the District because Plaintiff's claims are untimely, barred by the Tort Immunity Act and School Code, and Plaintiff fails to state valid causes of action.

**LEGAL STANDARD FOR MOTION TO DISMISS**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is necessary if it is clear that "no relief could be

---

[1] Plaintiff names "Lake Forest Community High School District 115" and "Lake Forest High School" as separate parties. The Board of Education is the only legal entity capable of being sued. 105 ILCS 5/10-2; *See Bd. of Educ. v. Mitchell*, 387 Ill. App. 3d 117, 124 (1st Dist. 2008).
[2] The District treats Plaintiff's allegations in the Complaint as true solely for the purpose of this Motion.

granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). "A plaintiff can plead [herself] out of court by alleging facts which show [she] has no claim." *Jackson v. Marion Cty.*, 66 F.3d 151, 153 (7th Cir. 1995).

## ARGUMENT

I. **PLAINTIFF'S CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS**

Based on the time frame alleged in Plaintiff's Complaint (1986-1988), all of Plaintiff's claims are barred by a two-year statute of limitations that expired in 1990. There is no exception that allows Plaintiff to file her claims 33 years after they arose.

A. **Two-Year Statute of Limitations Applies to All Counts**

Here, Plaintiff's most recent allegations occurred in 1988, when she was 18 years old. Compl. ¶¶ 19-20. Plaintiff's claims are governed by the general personal injury limitations period (735 ILCS 5/13-202) rather than the childhood sexual abuse limitations period contained in section 13-202.2, which was not effective until three years after the most recent alleged occurrences and a year after the limitations period ran. The Illinois Supreme Court has repeatedly held as follows:

> More than a hundred years ago, our court held that once a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action. That right cannot be taken away by the legislature without offending the due process protections of our state's constitution. *Board of Education of Normal School District v. Blodgett*, 155 Ill. 441, 445–50, 40 N.E. 1025 (1895). Our court has continued to adhere to this view. *See Sepmeyer v. Holman*, 162 Ill.2d 249, 253–55, 205 Ill.Dec. 125, 642 N.E.2d 1242 (1994).

*M.E.H. v. L.H.*, 177 Ill.2d. 207, 214–15, 685 N.E.2d 335, 339 (Ill. 1997); *see also*, *Doe A. v. Diocese of Dallas*, 234 Ill.2d 393, 917 N.E.2d 475 (Ill. 2009).

To the extent that Plaintiff was a minor when the alleged abuse occurred, the limitations period began to run once the Plaintiff reached 18 years of age in 1988. *See* 735 ILCS 5/13-211 (West 1988) ("If the person entitled to bring an action … at the time the cause of action accrued,

(i) is under the age of 18 years…, then he or she may bring the action within 2 years after (i) the person attains the age of 18 years…"); *Clay v. Kuhl*, 189 Ill.2d. 603, 727 N.E.2d 217 (Ill. 2000). The statute of limitations therefore ran in 1991. Furthermore, neither the discovery rule nor the fraudulent concealment exceptions apply to save Plaintiff's claims.

### B. The Discovery Rule Does Not Apply

The "discovery rule tolls the statute of limitations until the plaintiff knows or reasonably should know she has been injured and that the injury was wrongfully caused; at that point, the plaintiff has an obligation to conduct further inquiries to determine whether she has an actionable claim." *M & S Industrial Co., Inc. v. Allahverdi*, 2018 Ill App (1st) 172028, ¶ 37, 117 N.E.3d 475 (1st Dist. 2018). Plaintiff has the burden to plead specific facts necessary to explain why the cause of action was not discovered sooner. *Pratt v. Sears Roebuck & Co.*, 71 Ill.App.3d 825, 829, 390 N.E.2d 471 (1st Dist. 1979).

Illinois courts only permit time-barred complaints of childhood sexual abuse to proceed under the discovery rule where the plaintiff alleges with sufficient specificity that she repressed the memory of the abuse before her 18th birthday due to a recognized psychological condition. *Compare, Horn v. Goodman*, 2016 IL App (3d) 150339, ¶¶ 15-19, 60 N.E.3d 922 (3rd Dist. 2016) (denying motion to dismiss where plaintiff specifically plead factual allegations of a diagnosed psychological disorder that caused amnesia) *with Clay v. Kuhl*, 297 Ill. App. 3d 15, 22-24, 696 N.E.2d 1245 (2nd Dist. 1998) (affirming dismissal where plaintiff made "ambiguous and insufficient" allegation that she did not remember the abuse until she was 28 and did not plead a scientifically recognized psychological condition that caused her to repress her memories of the abuse); *see also Parks v. Kownacki*, 193 Ill.2d 164, 737 N.E.2d 287 (Ill. 2000); *Doe v. Carlson*, 2017 IL App (1st) 160536, 71 N.E.3d 806 (1st Dist. 2017).

Here, Plaintiff fails to plead any allegations related to a "scientifically recognized condition that would prevent [her] from reasonably discovering the abuse." *See Clay,* 297 Ill.App.3d at 24. Instead, Plaintiff conclusively pleads she did not discover that the act of childhood sexual abuse occurred until years later, "at the earliest July of 2019" and she "suppressed memories of the abuse suffered as a minor until recently" without any reference to a scientifically recognized condition. Compl. ¶¶ 30, 40. This is not sufficient. Furthermore, Plaintiff also acknowledges at the time of the alleged abuse, she "believed that this behavior was alright as long as [Plaintiff] was drunk or high," suggesting that Plaintiff did not in fact repress memories of abuse as alleged. Compl. ¶ 26. Additionally, when a plaintiff turns 18 and becomes an adult, she is charged with knowledge that sexual contact between a minor and an adult is wrong and injurious. *Softcheck v. Imesch,* 367 Ill.App.3d 148, 156 (3rd Dist. 2006). Plaintiff alleges that some of the abuse occurred when she was 18, and therefore, she was charged with the knowledge that this alleged conduct was wrong and the statute of limitations applies. Plaintiff's allegations fail to support the application of the discovery rule and her claims are time-barred.

C. **The Fraudulent Concealment Exception Does Not Apply**

To determine whether fraudulent concealment occurred, there is a three-part inquiry: (1) was there a special relationship between the parties; (2) did the defendant's silence amount to fraudulent concealment; and (3) did the defendant's concealment prevent the plaintiff from discovering her cause of action against the defendant. *See Doe v. Boy Scouts of Am.*, 2016 IL App (1st) 152406, ¶ 85, 66 N.E.3d 433 (1st Dist. 2016). Here, Plaintiff's attempt to rely on the fraudulent concealment exception fails because the law does not recognize a special relationship in this circumstance. *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 272 (7th Cir. 1990) (holding district had no duty to protect student who was allegedly sexually molested by a teacher).

4

Furthermore, Plaintiff's conclusory allegations about the District's silence are also insufficient. Plaintiff does not allege actual facts beyond mere conclusions to show that the District had actual knowledge of what allegedly occurred. Furthermore, Plaintiff only alleges that she was sexually abused in Martin's car and off of school grounds, where the District could not plausibly observe any alleged abuse unless the Plaintiff herself reported it. Compl. ¶¶ 23, 27. The District cannot conceal information it does not possess. Lastly, Plaintiff neither pleads that she "could not have discovered the fraud sooner through the exercise of ordinary diligence" nor that "the trust or confidence [she] reposed in the defendant prevented [her] from discovering the fraud any sooner," as required. See *Doe*, 2016 IL App (1st) 152406 at ¶ 100. Thus, Plaintiff has failed to plead facts supporting fraudulent concealment, her claims are time barred, and thus, must be dismissed with prejudice.

## II. PLAINTIFF'S CLAIMS ARE BARRED BY TORT IMMUNITY

Plaintiff's theory of liability rests on her allegations that the District retained Martin as a teacher / coach, failed to restrict Martin's access to students, failed to intervene or warn students and parents, failed to supervise Martin, and failed to investigate or report misconduct under the Abused and Neglected Child Reporting Act ("ANCRA"). *See* Counts III-X. Further, each of these counts is barred because the District is immune from liability under the Tort Immunity Act and the School Code, and thus each claim must be dismissed with prejudice.

### A. Immunity for Discretionary Acts, 745 ILCS 10/2-201

Section 2-201 of the Tort Immunity Act affords governmental entities immunity for injuries resulting from the exercise of discretionary authority. 745 ILCS 10/2-201. As governmental entities, school districts have immunity for acts involving a "policy decision" requiring "the [entity] to balance competing interests and to make a judgment call as to what

5

solution will best serve each of those interests." *West v. Kirkham,* 147 Ill.2d 1, 11, 588 N.E.2d 1104 (1992). There is no exception for willful and wanton conduct and the District is completely immune from liability for any injury allegedly resulting from its exercise of discretionary authority, which includes: decisions related to hiring, retention, supervision, and training of employees ("personnel decisions"); and decisions related to internal investigations, including the appropriate remedial action.

### i. *Immunity for Personnel Decisions*

Here, Plaintiff's claims in Counts III-X rest on the District's personnel decisions including: (1) not reporting Martin's abuse pursuant to ANCRA (Compl. ¶65, 66.i, 68, 69.i, 72.i); (2) not terminating Martin's employment (Compl. ¶ 66.a,b, 69.a,b, 72,a,b, 87, 99); (3) not adequately supervising or restricting Martin's access to students (Compl. ¶ 66.c,d,h, 68, 69.c, d, h, 72.c, d, h, 94.a); and (4) not warning students and parents (Compl. ¶ 69.f, 72.f, 94.d, e, f). Courts have consistently held that the act of hiring and firing is discretionary, not ministerial, and have granted immunity under Section 2-201. *See Trotter v. Sch. Dist. 218,* 315 Ill. App. 3d 1, 15, 733 N.E.2d 363 (1st Dist. 2000); *Hartman v. Lisle Park Dist.,* 158 F.Supp.2d 869, 877 (N.D. Ill 2001). Similarly, Illinois courts have held that the supervision of employees requires the exercise of discretion and determination of policy under Section 2-201. *See Reed v. City of Chi.*, 2002 WL 406983, at *3 (N.D. Ill. March 14, 2002) ("While there are most likely guidelines in hiring, training and supervising employees, all three acts still require discretion, balancing of interests, and judgment calls."); *Taylor v. City of Chi.*, 1997 WL 51445, at *4-6 (N.D. Ill. Feb. 3, 1997). The District is immune from liability for such decisions pursuant to Section 2-201 of the Tort Immunity Act.

ii. *Immunity for Investigatory Decisions*

Plaintiff alleges the District failed to "investigate" allegations of Martin's conduct. (Compl. ¶ 66.g, 69.g, 72.g, 94.c). A public entity's investigation of an internal matter and the subsequent action taken constitute discretionary actions and policy determinations. *See Moore v. Bd. of Educ. of the City of Chi.,* 300 F.Supp.2d 641, 644 (N.D. Ill. 2004) (finding response and investigation to student's complaint against his teacher was discretionary); *Doe I v. Bd. of Educ. of Consol. Sch. Dist. 230*, 18 F.Supp.2d 954, 962 (N.D. Ill. 1998) (finding investigation of sexual abuse claim was discretionary). As alleged, faculty and administration "were aware" of Martin's alleged practice of Martin providing students alcohol and illegal drugs in her home and the District "transferred" Martin. (Compl. ¶15, 17). The scope of any investigation and determination to "transfer" Martin's employment are immunized under Section 2-201 of the Tort Immunity Act. The District is clearly immune under Section 2-201 for its exercise of discretionary authority to make personnel decisions and undertake investigations, and Counts III-X of the Complaint must be dismissed with prejudice.

B. **Immunity Pursuant to School Code, 105 ILCS 5/24-24**

Section 24-24 of the Illinois School Code specifically acknowledges the unique role played by school officials in the supervision and safety of students under the doctrine of *in loco parentis*. 105 ILCS 5/24-24. Under the School Code, teachers are placed "in the relation of parents and guardians" to students to maintain discipline and oversee the activities. 105 ILCS 5/24–24. Because a parent is not liable for injuries to his child absent willful and wanton misconduct, Illinois courts apply the same immunity to school officials for ordinary negligence. *Courson ex rel. Courson v. Danville Sch. Dist. No. 118*, 301 Ill.App.3d 752, 704 N.E.2d 447 (4th Dist. 1998). Accordingly, school officials acting in connection with the school program for the safety and

supervision of students are immune from liability, unless their conduct is willful and wanton. *Kobylanski v. Chicago Board of Education*, 63 Ill.2d 165, 173, 347 N.E.2d 705 (Ill. 1976). Here, Plaintiff's claims primarily rely on her allegations that the District was negligent. *See* Counts IV, V, VIII, IX, X. These claims are clearly barred. Furthermore, as set forth herein, Plaintiff fails to sufficiently plead willful and wanton conduct and at best, her allegations amount to negligence for which the District is immune.

    C.    **Immunity For Failure to Supervise on Public Property, 745 ILCS 10/3-108**

Plaintiff alleges that the District's failure to supervise Martin is an independent basis for liability (Count IX) and also includes this as a basis within her other claims (Counts III, IV, and V). As discussed above, the School Code provides immunity absent willful and wanton conduct. Further, Section 3-108 of the Tort Immunity Act provides that "neither a local public entity nor a public employee who undertakes to supervise an activity on . . . any public property is liable for an injury unless the local public entity or public employee is guilty of willful and wanton conduct . . ." 745 ILCS 10/3-108. Plaintiff states that the District acted with a "reckless and conscious disregard for the safety and welfare of . . . students" when it failed to take various actions to protect plaintiff. Compl. at ¶ 94. Given that Plaintiff's allegations only amount to mere negligence, her claims and are barred under Section 3-108 and must be dismissed. *See Floyd v. Rockford Park Dist.*, 355 Ill.App.3d 695, 704, 823 N.E.2d 1004 (2nd Dist. 2005) (holding because the plaintiff failed to plead willful and wanton supervision, the complaint was properly dismissed); *Knapp v. Hill*, 276 Ill.App.3d 376, 383, 657 N.E.2d 1068 (1st Dist. 1995).

  **III.**    **PLAINTIFF FAILS TO STATE VALID CAUSES OF ACTION**

### A. Failure to State a Claim for Child Abuse, Battery, and IIED (Counts I, II, and VII)

As a matter of law, Martin's alleged sexual conduct was outside the scope of her employment and there is no legal basis for holding the District vicariously liable. Under Illinois law, an employer is not vicariously liable for acts of its employees that were not within the scope of their employment or performed for their employer's benefit. *Pyne v. Witmer*, 129 Ill.2d 351, 359, 543 N.E.2d 1304, 1308 (Ill. 1989). Sexual assault, by its very nature, precludes concluding it was committed within the scope of employment or for the employer's benefit. *Randi F. v. High Ridge YMCA,* 170 Ill. App.3d 962, 966, 524 N.E.2d 966 (1st Dist. 1988) (holding that defendant employer not liable for alleged sexual assault of child by teacher's aide at day-care center because conduct is deviation from scope of employment); *Deloney v. Bd. Of Educ. of Thornton Twp.*, 281 Ill.App.3d 775, 783-84, 666 N.E.2d 792 (1st Dist. 1996) (observing that generally acts of sexual assault and abuse are outside the scope of employment). Accordingly, Plaintiff's attempts to hold the District vicariously liable for Martin's alleged conduct fail as a matter of law and these intentional tort claims should be dismissed.

### B. Failure to State a Willful and Wanton Claim (Count III)

To sufficiently plead a willful and wanton claim, a plaintiff must allege facts both meeting the negligence standard (a duty, a breach of that duty, and an injury proximately resulting from the breach), and supporting either a deliberate intention to harm her or a conscious disregard for her welfare. *Doe v. Chi. Bd. of Educ.*, 213 Ill.2d 19, 28, 820 N.E.2d 418 (Ill. 2004). It is well established that school boards owe no specific duty to protect students from criminal attacks by others. See *Alton,* 909 F.2d at 272 (holding district had no duty to protect student who was allegedly sexually molested by a teacher). Plaintiff's attempt to state a claim for failure to report child abuse also fails because both Illinois Appellate Courts and the Seventh Circuit have

uniformly held that there is no enforceable duty to report under ANCRA and there is no private right of action under ANCRA. See *Varela v. St. Elizabeth's Hosp. of Chicago*, 372 Ill.App.3d 714, 719, 867 N.E.2d 1 (1st Dist. 2007); *Doe v. North Central Behavioral Health Systems Inc.*, 352 Ill.App. 3d 284, 288, 816 N.E.2d 4, 8 (3rd Dist. 2004); *Cuyler v. U.S.*, 362 F.3d 949, 952-955 (7th Cir. 2004). Plaintiff's claims based on the District's failure to report abuse must be dismissed because there is no duty or private right of action under ANCRA. As there is no duty, Plaintiff's claim fails.

Further, Plaintiff has failed to sufficiently allege that the District had knowledge of abuse. In *Doe v. Bridgeforth,* the court found that the plaintiff failed to sustain a willful and wanton claim because she could not establish why anyone at the school district should have been able to deduce that her teacher would sexually assault her simply by knowing he was giving her rides in his personal vehicle. 2018 IL App (1st) 170182, 102 N.E.3d 710 (1st Dist. 2018). The court declared that "the bottom line is this: willful and wanton conduct 'requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man.'" *Id*. at ¶ 56.

Here, Plaintiff does not plead that the District had actual knowledge of the abuse. Rather, she alleges that (1) "Sharon F. and Martin would go to Martin's friend's homes, who were also teachers at LFHS, to get high, drunk and have sex" (Compl. ¶ 27); (2) "Martin's inappropriate sexual abuse of minor female students was witnessed by members of the faculty at LFHS" (Compl. ¶ 31); (3) "Martin's behavior either was, or should have been, reported to the principal of LFHS by other faculty of LFHS" (Compl. ¶ 32); (4) "teachers and school administrators reported their concerns regarding Martin's conduct to the Lake Forest School District" (Compl. ¶34); (5) "District 115 knew about widespread rumors that had been circulating for years throughout the

school community regarding Martin's inappropriate sexual conduct with students" (Compl. ¶ 35). Alleging that an unidentified "faculty," "teacher," or "administrator" of the District may have observed unidentified conduct or received a complaint does not impute knowledge to the District. *See, e.g.*, *Fennerty v. City of Chi.*, 2015 IL App (1st) 140679, ¶¶ 22-23, 33 N.E.3d 737 (1st Dist. 2015); *Brown v. Chi. Park Dist.*, 220 Ill. App. 3d 940, 944-45, 581 N.E.2d 355 (1st Dist. 1991). It is notable that Plaintiff does not allege that she informed anyone at the District that she was sexually abused by Martin. Moreover, the references to non-sexual, inappropriate actions are insufficient to allege that the District had knowledge of sexual abuse. *Bridgeforth,* 2018 IL App (1st) 170182; *see also,* Doe v. Boy Scouts of America, 2014 IL App (2d) 130121, 4 N.E.3d 550 (2nd. Dist. 2014).

### C. Plaintiff Fails to State an Actionable Negligence Claim (Counts IV, V, VI, VIII, XI, and X)

To state an actionable claim for negligence, a plaintiff must plead duty, breach, and an injury proximately caused by that breach. *Kennedy v. Medtronic, Inc.*, 366 Ill.App.3d 298, 304 851 N.E.2d 778 (1st Dist. 2006). Whether a duty exists is a question of law. *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill.2d 507, 525, 513 N.E.2d 387 (Ill. 1987). It is not sufficient for a complaint to merely allege a duty, but rather the pleader must allege facts from which the duty will arise. *Bell v. Midlothian*, 90 Ill.App.3d 967, 414 N.E.2d 104 (1st Dist. 1980). Plaintiff's negligence claims fail because Plaintiffs have failed to allege that the District breached any duty as argued above. Given that Plaintiff has failed to allege a duty, Plaintiff has also failed to allege and breach of the alleged duty, causing injury.

### D. Plaintiff Fails to State a Claim Under Title IX.

Title IX provides in pertinent part that, "no person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any

11

education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 280 (1998). In enacting Title IX, Congress sought to hold educational institutions liable for their own misconduct, not for the misconduct of an employee. *Gebser*, 524 U.S. at 289–90. To state a claim under Title IX, Plaintiff must allege the following: (1) the misconduct he suffered was based on his sex; (2) school officials had "actual knowledge" of the sexual misconduct; (3) the sexual misconduct was "so severe, pervasive, and objectively offensive" that it deprived him access to educational opportunities; and (4) school officials' response to known sexual misconduct was "deliberately indifferent." *Doe v. Galster*, 768 F.3d 611, 613 (7th Cir. 2014).

First, Plaintiff fails to allege that any Board Official with authority to institute corrective measures on the Board's behalf had actual notice of Martin's alleged misconduct. Plaintiff does not allege that she reported the sexually harassing conduct or any facts suggesting that the Board had actual notice of any misconduct. Given that Plaintiff fails to allege facts to indicate actual notice, the District did not have any duty to act. From the pleadings, it is clear the Board did not make an "official decision . . . not to remedy" the situation, and, thus, Plaintiff has failed to allege the Board acted with deliberate indifference. Plaintiff has also failed to allege that she was denied any benefits of the Board's services, programs, or activities as a result of the alleged sexual misconduct. Plaintiff does not allege any facts to indicate that she was deprived access to educational opportunities. Accordingly, Plaintiff's Title IX claim must be dismissed.

E.   **Plaintiff's § 1983 Claims Fail (Counts XII and XIII)**

In Counts XII and XIII, Plaintiff seeks to impose § 1983 liability against the District for violating her 14th amendment right to due process. The vehicle for bringing a constitutional claim against local officials and municipalities is 42 U.S.C. § 1983; therefore, Count XII should be

2930155.1

dismissed outright because it is repetitive of Count XIII. Further, a District is only liable when the execution of a government's policy or custom inflicts the injury that the governmental entity is liable under Section 1983. *Monell v. Department of Social Services of City of New York*, 438 U.S. 658, 694 (1978). To state a claim, a plaintiff must set forth two essential elements: (1) deprivation of a constitutionally protected right; and (2) that the deprivation was caused by a municipal policy or custom, or by a final policymaker of the municipality. *Limes-Miller v. City of Chicago*, 773 F. Supp. 1130, 1135 (N.D. Ill. 1991). Plaintiff's claims fail on both counts.

### 1. Plaintiff Fails to Allege an Underlying Constitutional Violation

Plaintiff does not allege facts to indicate that the District deprived her of a constitutionally protected right. To state a substantive due process violation, a plaintiff must plead (1) the defendant deprived her of a protected interest; (2) the decision was arbitrary and irrational, and (3) the defendant either committed another substantive constitutional violation or State remedies are inadequate. *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). Plaintiff alleges that she had the 14th amendment right to be free of state-occasioned damage to her bodily integrity. Compl. at ¶¶ 114, 128. Generally, courts have found that a state's failure to protect an individual from private injury does not violate that individual's substantive due process rights. *Waubanascum v. Shawano County*, 416 F.3d 658, 665 (7th Cir. 2005). There are two exceptions: (1) where there is a "special relationship" and (2) when the state "affirmatively places a particular individual in a position of danger." *Id.* Plaintiffs have not alleged a "special relationship" in this case and the Seventh Circuit has explicitly rejected the notion that students are persons with whom the state has a "special relationship" and owes an affirmative duty to protect. *Alton*, 909 F.2d at 272; *Nabozny v. Podlesny*, 92 F.3d 446, 459 (7th Cir. 1996). Furthermore, Plaintiffs have failed to allege facts to indicate that the District placed Plaintiff in a position of danger or rendered her more vulnerable.

The "state created danger exception is narrow and applies where the state creates or increases a danger to an individual." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 916-17 (7th Cir. 2015). Affirmative conduct is required; inaction is not enough. *Stevens v. Umsted*, 131 F.3d 697, 705 (7th Cir. 1997) (substantive due process claim was dismissed, even when the Plaintiff alleged that the superintendent had actual knowledge of sexual assaults between students). Plaintiff only alleges that the District failed to protect Plaintiff. There are no facts to indicate that the District took any action to deprive Plaintiff of her rights. Further, there are no allegations that the District acted arbitrarily or irrationally or that State remedies are inadequate. Accordingly, the §1983 claims must be dismissed.

### 2. Plaintiff Fails to State a Municipal Policy or Custom, or Action Taken by a Final Policy Maker

It is well settled that a municipality is not strictly liable for the acts of its officers or employees under §1983. Rather, a municipality is liable only if an official "policy or custom" resulted in the alleged civil rights violation. *Monell*, 436 U.S. at 690-91. A plaintiff must allege: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policy making authority." *Id*. Even taking as true, Plaintiff's allegations fail to demonstrate that there is a policy or practice at issue rather than a random occurrence. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Courts will find a "custom" exists only "when the duration and frequency of a practice warrants a finding of either actual or constructive knowledge by the governing body that the practice has become customary among employees." *Jones v. City of Chicago*, 787 F.2d 200, 204 (7th Cir. 1986) (word "custom" generally implies a habitual practice or a repeated course of action). Isolated incidents are insufficient to show a custom under Section 1983. *Gray v. Dane*

*County*, 854 F.2d 179, 183 (7th Cir. 1988). Furthermore, although it is "not impossible for a plaintiff to demonstrate the existence of an official policy or custom by presenting evidence limited to her experience," doing so is "necessarily more difficult." *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008); *Davis v. Metro. Pier & Exposition Auth.*, 2012 WL 2576356, at *12 (N.D. Ill. 2012) (finding plaintiff had not adequately alleged a widespread custom or policy where "[a]ll of the allegations in the Complaint pertain exclusively to [the plaintiff]"); *Lewis v. County of Cook*, 2011 WL 839753, at *14 (N.D. Ill. 2011) (dismissing *Monell* claim where the plaintiff "does not allege facts supporting retaliatory conduct against anyone other than herself").

Plaintiff also does not allege facts that, if proven, would establish that she was deprived of a constitutional right by a person with final policymaking authority. Final policymaking authority is vested solely in the District's Board of Education, not in its employees or individual Board members. *See* 105 ILCS 5/10-20.5; *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998). Plaintiff does not allege (and has no basis for alleging) that the District "frequently" or "habitually" violated the constitutional rights of their students. Moreover, Plaintiff does not (and cannot) identify actions taken against her by a school official with final policymaking authority for the District. Accordingly, Plaintiff's Section 1983 claims must be dismissed.

## IV. CONCLUSION

The Board respectfully requests that the Court grant the Defendant's Motion to Dismiss Plaintiffs' Complaint in its entirety with prejudice, and any other relief to which it may be entitled.

Dated: August 9, 2021

Respectfully submitted,

**BOARD OF EDUCATION OF LAKE FOREST HIGH SCHOOL DISTRICT 115**

By: /s/ Jennifer A. Smith

Jennifer A. Smith (*jas@franczek.com*)
Michael J. Hernandez (*mjh@franczek.com*)
Caroline K. Kane (*ckk@franczek.com*)
Franczek P.C.
300 S. Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 986-0300

2930155.1

## **CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF BOARD OF EDUCATION OF LAKE FOREST HIGH SCHOOL DISTRICT 115's MOTION TO DISMISS** to be filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record on this 9th day of August, 2021:

    Joseph Michael Preiser
    Goldberg & Goldberg
    33 N. Dearborn Street, Suite 1930
    Chicago, IL 60602
    josephp@bgoldberglaw.com

    Ian Robert Alexander
    Goldberg & Goldberg
    33 N. Dearborn, Suite 1930
    Chicago, IL 60602
    ira@bgoldberglaw.com


            By: /s/ Jennifer A. Smith
              jas@franczek.com

2930155.1