**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON F., | |
| Plaintiff, | |
| | Case Number 1:21-cv-02756 |
| v. | Honorable Gary Feinerman |
| CYNTHIA MARTIN, *et al.*, | |
| Defendants. | |

## REPLY IN SUPPORT OF LAKE FOREST HIGH SCHOOL DISTRICT 115's MOTION TO DISMISS

Lake Forest High School District 115 filed a Motion to Dismiss based on Plaintiff's untimely allegations, her failure to state a claim, and the immunities afforded by the Tort Immunity Act. Plaintiff's Response confirms that the Complaint should be dismissed for the reasons set forth herein, and in the District's Memorandum.

### I.    LEGAL STANDARD FOR MOTION TO DISMISS

Plaintiff argues that she has satisfied elements of her claims based on pleading little more than the existence of the elements. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Plaintiff would have the Court speculate as to the facts that could potentially make her claims contrary to the federal standard.

### II.    PLAINTIFF'S CLAIMS ARE TIME BARRED

Although the statute of limitations is an affirmative defense, the allegations of the complaint itself may set forth everything necessary for dismissal, "such as when a complaint reveals that an action is untimely . . ." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2005), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2005); *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

Plaintiff argues that because factual disputes exist, dismissal is improper. (Pl. Resp. at 3). At this stage, the Court accepts all well plead facts as true. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). In doing so, the facts pled by the Plaintiff establish without a doubt that Plaintiff's claims are time barred. The conduct alleged here occurred between 1986 and 1988. Compl. at ¶ 19. Plaintiff does not dispute that the two-year statute of limitations in 735 ILCS 5/13-202 applies to her claims and that the applicable statute of limitations ran before 1991. Any subsequent amendments are irrelevant to Plaintiff's claims that expired before 1991. *M.E.H. v. L.H.*, 177 Ill. 2d 207, 685 N.E.2d 335, 339 (1997) ("[O]nce a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action ... [and that right] cannot be taken away by the legislature ..."). To overcome this time bar, Plaintiff argues that her claims should be deemed timely under an exception to the statute of limitations. The exceptions asserted by Plaintiff do not apply.

### A. The Discovery Rule Does Not Apply

Plaintiff has the burden to plead specific facts necessary to explain why the cause of action was not discovered sooner. *Pratt v. Sears Roebuck & Co.*, 71 Ill. App. 3d 825, 829, 390 N.E.2d 471 (1979). The issue may be determined as a matter of law "when the answer is clear from the pleadings." *Clay v. Kuhl*, 189 Ill. 2d 603, 727 N.E.2d 217, 221 (2000); *Witherell v. Weimer*, 85 Ill. 2d 146, 421 N.E.2d 869, 874 (1981).

Plaintiff cites two cases to support her argument that the discovery rule should apply. These cases are distinguishable because in each case the plaintiffs plead specific facts showing the existence of a psychological condition causing repressed memory and the triggering event leading to the discovery of the abuse. In *Tate v. Sheahan*, No. 17 C 997, 2019 WL 2248543, at *2 (N.D. Ill. May 24, 2019), the plaintiff alleged that she repressed the sexual abuse until December 2016,

when she realized the injury during therapy. The plaintiff alleged that she was suicidal and suffered from post-traumatic stress disorder, anxiety disorder, depression, and gender dysphoria. The Court decided not to dismiss the claims as untimely because plaintiff alleged that the guard who abused her while in prison indoctrinated plaintiff to believe the sexual activity served God.

In *Doe v. Soc'y of the Missionaries of the Sacred Heart*, No. 11 C 2518, 2012 WL 5499430, at *4 (N.D. Ill. Nov. 13, 2012), the plaintiff alleged that an incident with Doe's son triggered "a flood of memories" about the sexual abuse. The plaintiff also alleged that he suffered from specific conditions such as severe depression, emotional distress, episodes of binge eating, difficulties with emotional intimacy, and other psychological problems. The plaintiff alleged that a psychologist determined that "the effects [of the abuse] were in a dormant stage and dissociated from [Doe's] daily life and functioning until 2006." The plaintiff's "memory of the abuse ... was not in his conscious awareness throughout his adolescent and adult life until its emergence was triggered by an event reminiscent of the original trauma in 2006."

Plaintiff's Complaint is materially different from those in *Tate* and *Doe*. Unlike in those cases, Plaintiff's Complaint is devoid of allegation that Plaintiff suffers from a psychological disorder that caused her to repress memory of abuse. Here, Plaintiff alleges that Martin's actions caused physical and psychological injury that prevented her from discovering that she had been sexually abused and injured "until July 2019 at the earliest." (Pl. Resp. at 3). Plaintiff also alleges that she suppressed the memories of the abuse she suffered until recently. (Compl. at ¶30). Unlike the plaintiffs in *Tate* and *Doe*, Plaintiff fails to allege any facts to indicate a psychological condition causing the repressed memory or a triggering event that caused her to discover the abuse. Plaintiff also cites to an unpublished West Virginia case that has no applicability in this District and is distinguishable for the same reasons as outlined above. Pl. Resp. p. 4, *citing Chafin v. W. Virginia*

2944118.1

*Div. of Juv. Servs.*, No. 2:16-CV-05127, 2018 WL 1121556 (S.D.W. Va. Jan. 25, 2018), *report and recommendation adopted,* No. 2:16-CV-05127, 2018 WL 1095573 (S.D.W. Va. Feb. 28, 2018).

In sum, without offering any support, Plaintiff argues that she is not required to plead a psychological condition to invoke the discovery rule. The cases cited by Plaintiff proves otherwise and support the District's position. The Plaintiff's Complaint does not contain sufficient allegations to invoke this exception and excuse the Plaintiff's failure to file a lawsuit until 30+ years after the abuse occurred. Plaintiff cannot invoke the discovery rule and her Complaint must be dismissed under the statute of limitations.

### B.    Fraudulent Concealment Doctrine Does Not Apply

Citing to the *Wisniewski* case, the Plaintiff argues that the limitation period should be tolled based on fraudulent concealment, meaning the Plaintiff must demonstrate that (1) the District engaged in affirmative acts or representations intended to "lull or induce" the Plaintiff to fail to discover her claims, (2) knowing them to be false, (3) intending to deceive, (4) actually deceiving the Plaintiff, and (5) upon which the Plaintiff detrimentally relied. *Wisniewski v. Diocese of Belleville*, 406 Ill. App. 3d 1119, 1154, 943 N.E.2d 43 (2011).

Plaintiff's allegations fall far short of this standard. Plaintiff argues that the District actively concealed its knowledge of Martin's abuse from students and parents and instead held Martin out to be an upstanding teacher and coach. (Pl. Resp. at 6). This is insufficient. First, Plaintiff has failed to allege facts to show that the District knew of Martin's abuse. Alleging that an unidentified "employee" or "faculty" of the District possessed information or received a complaint does not impute knowledge to the District. *See, e.g., Fennerty v. City of Chicago*, 2015 IL App (1st) 140679, ¶ 22, 33 N.E.3d 737; *Brown v. Chicago Park Dist.*, 220 Ill. App. 3d 940, 944–45, 581 N.E.2d 355 (1991). Moreover, alleging that some unidentified "concerned" persons reported information to other

4

unidentified persons is insufficient to allege that the District had knowledge of Martin's sexual abuse of Plaintiff. *See e.g.*, *Horn*, 2016 IL App (3d) 150339, *Horn v. Goodman*, 2016 IL App (3d) 150339, 60 N.E.3d 922, ¶20 (no fraudulent concealment where plaintiff failed to allege that the plaintiff or the perpetrator informed the defendant of the abuse and the plaintiff failed to offer any facts that the defendant knew of the abuse). Such allegations are deficient because the complaint contains no allegations capable of establishing that while Plaintiff was a student at LFHS that any specific person apart from Martin had actual knowledge that Plaintiff was sexually abused. *See, e.g., A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 996 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015).

Further, Plaintiff has not alleged facts that the District acted with an intent to "lull or induce" the Plaintiff to fail to discover her claims. According to the Complaint, Plaintiff never reported her allegations to the District, and therefore, it is not possible for the District to act with an intent to deceive Plaintiff. Plaintiff fails to refute that her Complaint is devoid of allegations that she "could not have discovered the fraud sooner through the exercise of ordinary diligence" or that "the trust or confidence [she] reposed in the defendant prevented [her] from discovering the fraud any sooner," as required. *See Boy Scouts*, 2016 IL App (1st) 152406, 66 N.E.3d 433 at ¶ 100; *see also D'Attomo v. Baumbeck*, 2015 IL App (2d) 140865, 36 N.E.3d 892, at (affirming dismissal based on plaintiff's failure to plead that he could not have discovered the truth through reasonable inquiry or was prevented from making reasonable inquiry). To the extent that Plaintiff is claiming that the District's silence is fraudulent concealment, as a general rule, mere silence and failure by the Plaintiff to learn of the cause of action are not enough to establish fraudulent concealment. *Chicago Park Dist. v. Kenroy, Inc.*, 78 Ill. 2d 555, 561, 402 N.E.2d 181, 185 (1980).

Next, Plaintiff argues that a "special relationship" existed to support her claim of fraudulent concealment. (Pl. Resp. at 6). Plaintiff has not pointed to a case holding that a school district has

2944118.1

a special relationship with its students that applies to the facts plead in this case. The law does not recognize a "special relationship" in this context and courts have expressly declined to find one. See *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 272 (7th Cir. 1990) (holding district had no duty to protect student who was allegedly sexually molested by a teacher); *Jane Doe-3 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, ¶ 24, 973 N.E.2d 880, 888 (declining to find a special relationship between school district and a student who was sexually groomed by a teacher employed by the District); *Nabozny v. Podlesny*, 92 F.3d 446, 459 (7th Cir. 1996) (finding school administrators do not have a "special relationship" with students).

No Illinois case has held that a school board has a fiduciary relationship or even a "special relationship" with its students requiring it to have a duty to speak. In *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill.App. 1087, 1093-96 (4th Dist. 2011) the Appellate Court discussed whether the defendant school district had a special relationship with a student as an exception to the public-duty rule. The public-duty rule is a common law principle that protected a governmental entity from tort liability sought by an individual member of society. The public-duty rule was first applied to a school district in 1994 in *Thames v. Bd. of Education,* 269 Ill.App.3d 210 (1994) and then again in *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 662 N.E.2d 1377 (1996). Both cases held that a school district owes no duty to protect an individual student, separate from the whole district. While the courts were discussing a special relationship in the framework of a tort analysis, these cases give guidance as to whether Illinois courts would find a special relationship between the school district and an individual student where the plaintiff is seeking to extend the statute of limitations based on silence. There is no special relationship between the District and a student that would extend the statute of limitations where silence, and not an affirmative act, is the basis of fraudulent concealment. The allegations in the complaint do not support any reasonable

6

disagreement that no affirmative act by the District is alleged and there is no basis for claiming a special relationship. Based on the allegations in the Complaint, Plaintiff has failed to plead facts supporting fraudulent concealment by the District and her time barred claims must be dismissed with prejudice.

### C. Equitable Estoppel

Plaintiff's attempt to proceed under the equitable estoppel doctrine must also be rejected. To support a claim of equitable estoppel, a plaintiff must show that (1) the other parties misrepresented or concealed material facts, (2) they knew at the time of making the representations that they were not true, (3) the party who is claiming estoppel did not know the representations were untrue when they were made and relied on the misrepresentations in acting, (4) the other parties intended or reasonably anticipated that the party claiming estoppel would base his or her decision whether to act based on the representations, (5) the plaintiff reasonably relied on the representations in good faith and to his or her detriment, and (6) the plaintiff would be prejudiced by the reliance on the representations if the other parties deny their truth. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 82–83, 857 N.E.2d 229 (2006). Plaintiff's claim fails for the same reasons outlined above. Plaintiff does not sufficiently allege that the District knew of the alleged abuse, nor does she allege that the District made misrepresentations that the Plaintiff relied on. There are no facts to indicate that the District acted in a way that would stop the Plaintiff from pursuing her claims. Thus, this argument must also be rejected.

### III. TORT IMMUNITY ACT

#### A. Section 2-201:

As a threshold matter, Plaintiff's argument that Section 2-201 only applies to employees and does not provide immunity to the District is incorrect. Under Section 2-109, "a local public

7

entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Accordingly, "together with 2-201, 2-109 provides public employers with immunity against allegations that challenge discretionary policy determinations of their employees." *S.G. v. Rockford Bd. of Educ.*, No. 08 C 50038, 2008 WL 5070334, at *8 (N.D. Ill. Nov. 24, 2008) (*citing Murray v. Chicago Youth Ctr.*, 224 Ill. 2d 213, 864 N.E.2d 176, 185–96 (2007).

Plaintiff fails to refute the District's immunity under Section 2-201. The District cited several cases in its initial brief illustrating that Plaintiff's allegations related to the hiring, firing, supervision and training of employees, and the decision whether to undertake an investigation were within the scope of Section 2-201. Plaintiff fails to refute this authority.

Plaintiff's contention that a more fully developed factual record is needed to find Section 2-201 immunity is not supported by the case law. Federal courts have routinely dismissed allegations similar to those made by Plaintiff on a motion to dismiss pursuant to 2-201 immunity, including the failure to hire, fire, supervise, train, and properly investigate. *See Hartman v. Lisle Park Dist.*, 158 F. Supp. 2d 869, 877 (N.D. Ill. 2001); *Reed v. City of Chicago*, No. 01 C 7865, 2002 WL 406983, at *3 (N.D. Ill. Mar. 14, 2002); *Taylor v. City of Chicago*, No. 96 C 1797, 1997 WL 51445, at *4, 6 (N.D. Ill. Feb. 3, 1997); *Jackson v. City of Chicago*, No. 97 C 148, 1997 WL 285770, at *1 (N.D. Ill. May 22, 1997); *Collins v. Metcalfe*, No. 95 C 4231, 1996 WL 637592, at *3 (N.D. Ill. Oct. 18, 1996); *Moore v. Bd. of Educ. of City of Chicago*, 300 F. Supp. 2d 641, 644 (N.D. Ill. 2004); *Thompson v. Bd. of Educ. Tp. High School Dist. 113*, No. 13 L 879, 2015 WL 12660367 (Ill.Cir.Ct. Jan. 23, 2015).

Moreover, there was no legal mandate to train and educate school employees about sexual abuse during the relevant time period. Accordingly, whether and how the District decided to supervise, train, and educate its employees was a matter of discretion and determination of policy. See *D.M. ex rel. C.H. v. Nat'l Sch. Bus Serv., Inc.*, 305 Ill. App. 3d 735, 713 N.E.2d 196 (1999) *ex. D.M. ex rel.*

*C.H. v. Nat'l Sch. Bus Serv., Inc.*, 305 Ill. App. 3d 735, 739, 713 N.E.2d 196 (1999) (discretionary acts are those made without reference to the mandate of legal authority, and "the making of a decision about whether or how to perform an act is generally discretionary"); *Marshall v. Evanston Skokie Sch. Dist. 65*, 2015 IL App (1st) 131654-U, ¶ 65 (allegations of failure to provide suicide prevention training was a discretionary decision under Section 2-201 in the absence of allegations of any legal mandate that required the district to act in a ministerial manner). Applying these principles and case law compels dismissal of Plaintiff's claims against the District because the District has absolute immunity under Section 2-201 of the Act.

### B. Section 3-108

Section 3-108 of the Act makes clear that school officials are immune from liability for improper supervision during school activities absent willful and wanton conduct. 745 ILCS 10/3-108. In her Response, Plaintiff argues that since alleged that the District engaged in willful and wanton conduct, Section 3-108 does not bar her claims. Reciting the term "willful and wanton conduct," is not sufficient. As stated below and in the District's initial memorandum, Plaintiff has failed to allege facts supporting a willful and wanton claim.

Plaintiff also argues that Section 3-108 only applies to negligent supervision claims on public property and not those that occurred elsewhere. (Pl. Resp. p. 11). To the extent that these allegations are on public property, these claims are subject to dismissal. As to Plaintiff's other claims, it is well established that school boards owe no specific duty to protect students from criminal attacks by others, even if the attacker is subject to the district's authority. *See J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 272 (7th Cir. 1990) (holding the district had no duty to protect student who was allegedly sexually molested by a teacher); *Albers by Albers v. Cmty. Consol. No. 204 Sch.*, 155 Ill. App. 3d 1083, 1086, 508 N.E.2d 1252 (1987) ("schools and teachers cannot be charged with the duty of anticipating and guarding against the willful and wanton

9

2944118.1

misconduct."). Nor does common law recognize an affirmative duty to protect an individual student. *Thames v. Bd. of Educ. of City of Chicago*, 269 Ill. App. 3d 210, 216, 645 N.E.2d 445 (1994) (to establish an exception to the rule, facts must be alleged that defendant had actual knowledge of a particular risk to the *particular plaintiff*") (emphasis original); *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 662 N.E.2d 1377 (1996). Cases have held that there is no common law duty owed to students to report suspected abuse. *Doe ex rel. Doe v. White*, 627 F. Supp. 2d 905, 919–920 (C.D. Ill. 2009); *Varela ex rel. Nelson v. St. Elizabeth's Hosp. of Chicago, Inc.*, 372 Ill. App. 3d 714, 718–19, 867 N.E.2d 1 (2006). Thus, Plaintiff's claims, even if unrelated to her claims for supervision must fail.

### C.     Section 24-24

Plaintiff argues Section 24-24 does not bar her claims because it only applies to vicarious liability. Yet, the claims that the District argues are barred by Section 24-24 all allege negligence theories based on vicarious liability. Plaintiff alleges that the District's liability is "by and through its authorized agents, servants, and/or employees, officers, and directors," "through its board members, administrators, teachers, employees and agents," or otherwise through the action or inaction of individuals. (Complt. ¶¶ 68, 69 (Count IV); 72 (Count V); 87 (Count VIII); 90, 94 (Count IX); 96 (Count X). While Plaintiff's Response claims that these counts are not based on "vicarious liability for a teacher's negligence," that is precisely what the Complaint alleges and why such claims must be dismissed under Section 24-24.

As with other necessary elements, Plaintiff argues her allegation of "knowledge" without any supporting facts is sufficient to turn her negligent claims into willful and wanton ones. Plaintiff's implicit demand that the Court speculate about how knowledge might have been established dooms this argument.

## IV.  FAILURE TO STATE A CLAIM

Plaintiff does not object to dismissing Count I (Child Sexual Abuse) and Count II (Battery) with respect to the District; therefore, these claims should be dismissed. (Resp. at 13).  Plaintiff's other claims should also be dismissed as outlined below.

### A.  IIED

Plaintiff attempts to distinguish the fatalities of her other tort claims from her IIED claim by stating that this claim is not based on vicarious liability, but rather seeks to recover for the District's own extreme and outrageous conduct in failing to intervene and protect the Plaintiff. (Pl. Resp. p. 14).  The *Brookman* case cited by Plaintiff is readily distinguishable. *Brookman as next friends of A.B. v. Reed-Custer Cmty. Unit, Sch. Dist. 255-U*, No. 18 C 7836, 2019 WL 4735395 (N.D. Ill. Sept. 27, 2019).  In this case, the court granted the motion to dismiss against certain defendants because of immunity under the Tort Immunity Act and denied the motion to dismiss IIED claims asserted against certain employees who were allegedly present when abuse occurred. This case does not provide any authority for sustaining a claim against the District particularly where the Plaintiff alleges that the abuse occurred off school grounds.  The Plaintiff does not allege that the District witnessed the abuse and thus, *Brookman* is inapplicable. It is also worth noting that the Plaintiff concedes that her claims against the District are for failure to protect her and thus, are subject to dismissal. *See J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 272 (7th Cir. 1990); *Albers by Albers v. Cmty. Consol. No. 204 Sch.*, 155 Ill. App. 3d 1083, 1086, 508 N.E.2d 1252 (1987); *Thames v. Bd. of Educ. of City of Chicago*, 269 Ill. App. 3d 210, 216, 645 N.E.2d 445 (1994); *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 662 N.E.2d 1377 (1996).

2944118.1

### B.    Willful and Wanton Conduct

The Plaintiff argues that the Court should disregard that the law does not establish a duty to protect students from criminal attacks by others based on her allegation that a special relationship exists between the parties. As explained above addressing Plaintiff's fraudulent concealment argument, there is no support in Illinois law for a duty arising from a special relationship applicable to the facts plead in this case. Plaintiff cites *Doe I v. Bd. of Educ. of City of Chicago*, 364 F. Supp. 3d 849, 868 (N.D. Ill. 2019) for the proposition that there may be a special duty that arises when a school district has knowledge that one of its teachers poses a particular threat to another student. As explained above and in the District's memorandum, Plaintiff does not allege facts that would establish the District had knowledge that Martin posed a particular threat to Plaintiff. The allegations would show only that at an unknown time, unknown LFHS faculty witnessed "inappropriate sexual abuse" of "minor female students" by Martin. Complt., ¶ 93. There is no allegation that anyone at the District knew of Martin's alleged abuse of Plaintiff. Plaintiff would have the Court speculate that the alleged witnessing of sexual abuse was at a time and of substance to impute knowledge to the school district that Martin was a threat to Plaintiff. Where speculation is required, the pleading standards are not satisfied and the claim for willful and wanton conduct must be dismissed.

### C.    Negligence

Plaintiff summarily argues that she has alleged actionable duties. For the reasons set out in the District's memorandum and above, she has not, let alone any breach causing injury.  The negligence claim fails on all elements.

2944118.1

### D.    Title IX

The Plaintiff argues that the District was "deliberately indifferent" because it failed to investigate reports of misconduct. (Resp. at 20). Plaintiff has not alleged that she provided actual notice to the District of her claims. Instead, Plaintiff relies on the unidentified claims of others who allegedly complained to the District about Martin. The Plaintiff does not allege any facts to indicate that these unidentified individuals complained about sexual harassment or that these allegations would fall under the purview of Title IX. These claims are insufficient to establish actual knowledge of misconduct. "School administrators have actual knowledge only of the incidents that they witness or that have been reported to them. *Doe v. Galster*, 768 F.3d 611, 618 (7th Cir. 2014). Given that the Plaintiff fails to allege actual notice of the Plaintiff's claims, the Plaintiff has failed to allege that the District was deliberately indifferent to those claims.

Plaintiff's claim also fails because she alleges that the conduct occurred after school and off-school property. In order for there to be Title IX liability, the school district must have substantial control over both the harasser and the context in which the known harassment occurs; this is essential for Title IX liability because a school district cannot be liable for its indifference to harassment that it lacks the authority to prevent. *Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 512 (7th Cir. 2010), *citing Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 644–45, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999).

### E.    Section 1983

Plaintiff does not object to the dismissal of Count XII against the District (Resp. at 22), and thus, this claim should be dismissed outright. Plaintiff argues that Count XIII should remain. In order for Plaintiff to sustain a Section 1983 claim, she must allege that the District deprived her of a protected interest. The District is only liable when the execution of their policy or custom

inflicts the injury; therefore, to state a claim there must be a deprivation of a constitutionally protected right, which was caused by the policy or custom. *Limes-Miller v. City of Chicago*, 773 F. Supp. 1130, 1135 (N.D. Ill. 1991). Here, the Plaintiff states that her claim is not based on a constitutional duty to protect, likely because it is well established that there is none. *See Waubanascum v. Shawano Cty.*, 416 F.3d 658, 665 (7th Cir. 2005); *J.O.*, 909 F.2d at 272; *Nabozny v. Podlesny*, 92 F.3d 446, 459 (7th Cir. 1996). Instead, Plaintiff argues that the District did not investigate allegations of sexual misconduct and that the District chose not to intervene. These claims are not supported by allegations in the Complaint. The Plaintiff does not claim that she reported any misconduct; therefore, there could not have been a duty owed to her to investigate or intervene. Further, even if the District did have knowledge of other claims (which have not been identified in the Plaintiff's Complaint) the District must engage in affirmative conduct for there to be a violation; inaction is not enough. *Stevens v. Umsted*, 131 F.3d 697, 705 (7th Cir. 1997) (substantive due process claim was dismissed, even when the Plaintiff alleged that the superintendent had actual knowledge of sexual assaults between students).

Plaintiff fails to assert that the District personally deprived her of protected interests – rather, the crux of her claim is that she was deprived of her interests because the District failed to protect her from Martin. There are no facts to indicate that the District itself took any action to deprive the Plaintiff of her rights. The District cannot be liable under § 1983 simply because it employs a tortfeasor; it must independently take some action to cause the constitutional injuries. *Wilson v. Cook Cty.*, 742 F.3d 775, 779 (7th Cir. 2014). "The critical question under *Monell* ... is whether a municipal ... policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). The Plaintiff must show that the "governmental custom ... not

14

only causes but is the moving force behind the deprivation of constitutional rights." *Wilson*, 742 F.3d at 779. Plaintiff has failed to argue that her claims fall under an exception to the rule that there is generally no duty to protect. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). Further, there are no allegations that the District acted arbitrarily or irrationally or that State remedies are inadequate. Accordingly, the §1983 claims must be dismissed.

Dated: September 23, 2021                                        Respectfully submitted,

                                                                **BOARD OF EDUCATION OF**
                                                                **LAKE FOREST HIGH SCHOOL**
                                                                **DISTRICT 115**


                                                                By: */s/ Jennifer A. Smith*

Jennifer A. Smith (jas@franczek.com)
Michael J. Hernandez (mjh@franczek.com)
Caroline K. Kane (ckk@franczek.com)
Franczek P.C.
300 S. Wacker Dr., Suite 3400
Chicago, Illinois 60606
(312) 986-0300

2944118.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that she filed the foregoing **Reply in Support of**

**Lake Forest High School District 115's Motion to Dismiss** with the Clerk of Court using the

CM/ECF system which will send notification of such filing to all counsel of record on September

23, 2021.

> Ian Robert Alexander
> Joseph M. Preiser
> Goldberg & Goldberg
> 33 N. Dearborn Street, Suite 1930
> Chicago, IL 60602
> ira@bgoldberglaw.com
> josephp@bgoldberglaw.com
>
> *Attorneys for Plaintiff*

> */s/ Jennifer A. Smith*

2944118.1