IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON F., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-02756 |
| v. | ) | |
| | ) | Hon. Gary Feinerman |
| CYNTHIA MARTIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **DEFENDANT MARTIN'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS**

Defendant Cynthia Martin, through her attorneys, PRETZEL & STOUFFER, CHARTERED, in support of her Motion to Dismiss pursuant to Rule 12(b)(6), respectfully submits this Memorandum of Law and states as follows:

### **INTRODUCTION & SUMMARY OF ALLEGATIONS**

Plaintiff Sharon F. filed her Complaint on May 21, 2021. (Doc. 1.) In it, she alleged that over a 21-month period more than 33 years earlier, Defendant Cynthia Martin "groomed and sexually abused" Plaintiff from the time Plaintiff was 16 through 18 years old during her Junior and Senior years at Lake Forest High School. (*Id.*, ¶¶19-20, 23, 25.) From these relatively sparse allegations, Plaintiff asserted 13 claims titled as follows: count I – childhood sexual abuse; count II – battery; count III – willful and wanton misconduct; count IV – negligence; count V – negligent failure to follow established policies and procedures; count VI – breach of fiduciary duty; count VII – intentional infliction of emotional distress; count VIII – negligent infliction of emotional distress; count IX – failure to supervise; count X – negligent retention; count XI – Title IX discrimination; count XII – due process/state-created danger; and count XIII – Section 1983

violation of constitutional rights (Monell doctrine)[1]. However, a review of the Complaint demonstrates that all the aforementioned claims are time-barred as to Defendant Martin and have been time-barred since 1990—which was at least two years after Plaintiff reached the age of 18. Moreover, several of Plaintiff's articulated claims (e.g., Counts III, V, VI, IX, X and XI) focus solely on the conduct of the codefendant and therefore failure to state a cause of action against Defendant Martin. For this additional reason, those counts of Plaintiff's Complaint against Defendant Martin should also be dismissed.

## APPLICABLE LAW

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint and whether the plaintiff has plausibly stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must contain sufficient factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1965 (2007). In making such a determination, courts "are not bound to accept as true a legal conclusion couched as a factual assertion" and the "formulaic recitation of elements of a cause of action" are not considered well-pleaded facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (2009). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1950.

The factual allegations of the complaint must plausibly suggest that the plaintiff is entitled to the relief sought and raise that possibility above a "speculative level." *Tamayo v. Blagojevich*, 526 F.3d. 1074, 1084 (7th Cir. 2008). As a result, the Seventh Circuit has held that "the fact that

---

[1] Count XIII is not directed at Defendant Martin, as it seeks to impose liability pursuant to the *Monell* doctrine, which is applied to municipalities and not individuals. (Doc. 1, ¶¶127-134.) Moreover, count XIII does not identify Martin in its prayer for relief.

the allegations undergirding a claim could be true is no longer enough to save a complaint from being dismissed; the complaint must establish a nonnegligible probability that the claim is valid." *In re: Text Messaging Antitrust Litigation*, 630 F.3d. 622, 629 (7th Cir. 2010).

## ARGUMENT

I. **All of Plaintiff's Claims in Counts I through XII of the Complaint Against Defendant Martin Are Time-Barred.**

The alleged sexual abuse in this case all occurred in the latter half of the 1980s, prior to the time that the Illinois legislature enacted a separate statute of limitations for actions involving childhood sexual abuse. *Clay v. Kuhl*, 189 Ill. 2d 603, 727 N.E.2d 217 (2000); *Doe v. Carlson*, 2017 IL App (1st) 160536, ¶14, 71 N.E.3d 806, 813 (1st Dist. 2017). Before 1991, the applicable statute of limitations for abuse cases was two years, the same as for all cases involving personal injury. *Doe*, *id.*, citing Ill. Rev. Stat. 1989, ch. 110, ¶ 13-202. A separate section of Illinois' pre-1991 Code of Civil Procedure, Ill. Rev. Stat. 1989, ch. 110, ¶13-211, also provided that the two-year period for bringing a cause of action for personal injury did not begin to run until the plaintiff reached the age of 18. *Id.* This is because, once a minor reaches the age of majority and adulthood, they are imputed to have knowledge that both the conduct of sexual abuse is wrongful and results in an injury. *Clay*, 189 Ill. 2d at 611, 727 N.E.2d at 222; *Parks v. Kownacki*, 193 Ill. 2d 164, 178,737 N.E.2d 287, 295 (2000).

As noted above, Plaintiff alleges that sometime during a 21-month period between the fall (September) of 1986 and the spring (June) of 1988, Defendant Cynthia Martin "groomed and sexually abused" Plaintiff from when she was 16 through 18 years old. (Doc. 1, ¶¶19-20.) Plaintiff further alleges that this conduct occurred during her Junior and Senior years at Lake Forest High School. (*Id.*, ¶¶23, 25.) Plaintiff further concedes that she was aware of the abuse as it was happening, alleging that "she believed that this behavior was alright as long as [Plaintiff] was

3

drunk or high." (*Id.*, ¶26.) Although Plaintiff fails to specifically allege her date of birth or when she graduated from Lake Forest High School, these allegations plainly demonstrate that Plaintiff reached the age of majority—at the latest—by early 1988, such that her claims were subsequently time-barred two years later, sometime in 1990. *Clay*, 189 Ill. 2d at 610-11, 727 N.E.2d at 221-22 (2000); *Parks*, 193 Ill. 2d 164, 176, 737 N.E.2d 287, 294 (2000).

To be sure, Plaintiff's Complaint makes a nominal attempt to avoid the applicability of the statute of limitations: she alleges (in conclusory fashion) that she did not discover that the childhood sexual abuse occurred until July 2019 (Doc. 1, ¶30) and that "she suppressed memories of the abuse she suffered as a minor" until discovering her "causes of action against defendants DISTRICT 115 and LFHS" (*Id.*, ¶40). Such allegations are nothing more than "formulaic recitations" of legal conclusions couched as factual assertions, which are insufficient under *Iqbal*. Moreover, the allegations are particularly implausible here, where they mirror (word for word) allegations of six different plaintiffs made in a separate lawsuit against an entirely different teacher at Lake Forest High School—albeit filed on the same date (May 21, 2021) by the same counsel. (See, e.g., *Wolfgram v. Miller, et al.*, filed in the Northern District of Illinois under Case No. 21-cv-02755, Doc. 1, ¶¶30, 44, 53, 64, 83, 92, 101.) Furthermore, the alleged abuse in this case continued from the time Plaintiff was 16 through 18, e.g., after she reached the age of majority. See, e.g., *Doe v. Carlson*, 2017 IL App (1st) 160536 (rejecting application of discovery rule, where plaintiff alleged abuse began when she was 16 that continued until after the she turned 18 and was in college).

Moreover, although Plaintiff makes allegations of fraudulent concealment, detrimental reliance, and equitable estoppel (Doc. 1, ¶¶37-53), those allegations are directed solely at the codefendant Board of Education of Lake Forest High School District 115 and fail to identify any

4

misrepresentations or other conduct on the part of Defendant Martin that would justify tolling the statutes of limitations in effect from 1988 to 1990, Ill. Rev. Stat. 1989, ch. 110, ¶ 13-202, ¶13-211.

In sum, Illinois courts have held with monotonous regularity that where—as here—a plaintiff alleging childhood sexual abuse was aware of the conduct as it was occurring, the discovery rule does not apply to toll the statute of limitations once the plaintiff turns eighteen. *Clay*, 189 Ill. 2d at 612-13, 727 N.E.2d at 223; *Parks*, 193 Ill. 2d at 176, 737 N.E.2d at 294; *Doe v. Carlson*, 2017 IL App (1st) 160536 at ¶¶17-19, 71 N.E.3d 806, 810-811 (1st Dist. 2017); *Doe v. Hastert*, 2019 IL App (2d) 180250 at ¶33, 133 N.E.3d 1249, 1257 (2nd Dist. 2019); *Presberry v. McMasters*, 2021 IL App (2d) 200538 at ¶36; *Coe v. Cmty. High Sch. Dist. 99*, 2021 IL App (2d) 210047-U[2] at ¶18 ("Both *Clay* and *Parks* stand for the proposition that the discovery rule does not toll the statute of limitations if the plaintiff is aware of the abuse when it occurred"). As a result, Plaintiff's cause of action accrued when she turned eighteen (no later than early 1988) and became time-barred sometime in 1990, rendering her Complaint in this case untimely as a matter of law.

Defendant Martin also joins and adopts the arguments asserted by the codefendant Board of Education of Lake Forest High School District 115 in its Motion to Dismiss and Section I of its Memorandum Law in support thereof, Doc. 21 and Doc. 22, pp. 1-5. Defendant Martin also joins and adopts the arguments asserted by the codefendant Board of Education of Lake Forest High School District 115 in Section II of its Reply Brief in support of its Motion to Dismiss, Doc. 32, pp. 1-7.

---

[2]Pursuant to Illinois Supreme Court Rule 23, "a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes." Ill. Sup. Ct., R. 23(e). In accordance with that Rule, a copy of this decision is attached hereto as Exhibit A.

Accordingly, for the reasons set forth above as well as those previously articulated by the codefendant Board of Education of Lake Forest High School District 115, this Court should dismiss as untimely all counts of the Complaint as directed toward this Defendant Cynthia Martin with prejudice.

**II.    Counts III, V, VI, IX, X and XI Should Also Be Dismissed for Failure to State a Claim.**

In addition to being time-barred, several counts of Plaintiff's complaint also fail to state a claim against Defendant Martin. These claims fail either because they are duplicative (counts III and VI), they seek to impose direct tort liability against the codefendant Board of Education of Lake Forest High School District 115 for its own alleged misfeasance as Defendant Martin's employer (counts V, IX and X), they fail to allege a fiduciary relationship or breach on the part of Defendant Martin (count VI) or are simply not permitted by the applicable law (count XI).

**A.    Count III Alleging Willful and Wanton Misconduct Should be dismissed as Duplicative.**

Under Illinois law, there is no separate and independent tort of willful and wanton conduct. *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 274, 641 N.E.2d 402, 406 (1994). Rather, it is regarded as an aggravated form of negligence—a hybrid between conduct considered negligent and intentionally tortious. *Sparks v. Starks*, 367 Ill. App. 3d 834, 837, 856 N.E.2d 575, 578 (1st Dist. 2006). In count III, Plaintiff makes no allegations regarding Defendant Martin's conduct, other than to incorporate all previous allegations (Doc. 1, ¶¶65-67) which comprise her claims of intentional tortious conduct in counts I (alleging sexual abuse) and II (alleging battery). Indeed, at least as to Defendant Martin, count III is predicated upon the same operative facts and alleges the same injuries which form the basis for Plaintiffs' claims in counts I, II and IV (alleging general negligence). Where allegations regarding the same operative facts result in the same injury to the

plaintiff the claims are identical and the latter should be dismissed as duplicative. *Nettleton v. Stogsdill*, 387 Ill. App. 3d 743, 760, 899 N.E.2d 1252, 1267 (2nd Dist. 2008); see also *Neade v. Portes*, 193 Ill. 2d 433, 445, 739 N.E.2d 496, 503 (2000) ("While pleading in the alternative is generally permitted…duplicate claims are not permitted in the same complaint").

      **B.    Counts V, IX, and X Fail To State A Claim As To Defendant Martin Because They Are All Directed At The Conduct the Employer.**

Plaintiff also asserts several negligence claims that apparently seek to establish liability on the part of the codefendant Board of Education of Lake Forest High School District 115 for its alleged failure to follow established procedures to investigate concerns allegations or complaints regarding teacher conduct (Doc. 1, count V, ¶¶71-73), negligent supervision (count IX, *passim*), and negligent retention (count X, *passim*). Although each of these counts purport to seek recovery against Defendant Martin in their prayers for relief, none of them allege conduct on the part of Martin. Instead, each count focuses on the conduct of codefendant Board of Education of Lake Forest High School District 115 in an effort to establish direct employer negligence.

"Illinois law recognizes a cause of action against *an employer* for negligently hiring, or retaining in its employment, an employee it knew, or should have known, was unfit for the job so as to create a danger of harm to third persons." *Van Horne v. Muller*, 185 Ill. 2d 299, 310, 705 N.E.2d 898, 904 (1998) (emphasis added). A claim of negligent supervision is likewise a direct action against the employer for its own negligence, where the plaintiff must prove that the employer's breach—not simply the employee's malfeasance—was a proximate cause of the plaintiff's injury. *Vancura v. Katris*, 238 Ill. 2d 352, 375, 939 N.E.2d 328, 343 (2010).

In each of counts V, IX, and X, Plaintiff is seeking to establish the direct negligence of Defendant Martin's employer through allegations that the codefendant Board of Education of Lake Forest High School District 115 negligently failed to investigate Martin's alleged conduct (¶¶71-

73), negligently failed to supervise Martin (¶¶90-95), and negligently chose to retain Martin (¶¶96-99). None of these counts state a claim against Defendant Martin since they purport to be claims of direct negligence against her employer, and they should therefore be dismissed as to Martin pursuant to Rule 12(b)(6).

      **C.    Plaintiff Fails to State a Claim for Breach of Fiduciary Duty Against Defendant Martin.**

Plaintiff's claim for breach of fiduciary duty against Defendant Martin in count VI must also be dismissed. In Illinois, a fiduciary relationship may exist as a matter of law between partners, joint adventurers, trustee and beneficiary, guardian and ward, attorney and client, and principal and agent. *In re Estate of Stahling*, 2013 IL App (4th) 120271, ¶18, 987 N.E.2d 1033, 1038 (4th Dist. 2013). Where the alleged relationship does not exist as a matter of law, the plaintiff must plead facts from which a fiduciary relationship arises. *Santa Claus Industries, Inc. v. First National Bank*, 216 Ill. App. 3d 231, 662, 576 N.E.2d 326, 331 (1st Dist. 1991). "A necessary precursor to fiduciary liability is the existence of a fiduciary relationship." *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 21, 653 N.E.2d 968, 975 (2nd Dist. 1995). Here, Plaintiff fails never alleges that a fiduciary relationship existed between herself and Defendant Martin. (See, e.g., Doc. 1, ¶80.)

Moreover, Plaintiff fails to allege any breach of fiduciary duty on the part Defendant Martin in count VI. (Doc. 1, ¶¶81-82). Plaintiff does incorporate all of her prior allegations—including those allegations that form the basis for her intentional tort and negligence claims against Martin. However, where the plaintiff fails to plead a cause of action for breach of fiduciary duty that is distinct from other claims predicated upon the same operative facts and alleging the same injury, the fiduciary duty count is properly dismissed as duplicative. *Calhoun v. Rane*, 234 Ill. App. 3d 90, 95, 599 N.E.2d 1318, 1321 (1st Dist. 1992); see also, *Nettleton*, 387 Ill. App. 3d at 761.

Accordingly, this Court should dismiss Plaintiff's fiduciary duty claim as to Defendant Martin.

    **D.    Count XI Must Be Dismissed Because Defendant Martin is an Individual.**

Plaintiff also purports to allege a cause of action against Defendant Martin for Title IX discrimination, pursuant to 20 U.S.C. § 1681, et seq. (Doc. 1, count XI, *passim*.) Title IX provides that no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance. 20 U.S.C. § 1681(a). The Supreme Court of the United States has held that Title IX implicitly provides a private right of action for sex discrimination. *Cannon v. University of Chicago*, 441 U.S. 677, 717, 99 S. Ct. 1946, 1968 (1979). However, Title IX only protects against discrimination under any education program or activity receiving federal financial assistance; accordingly, a Title IX claim can only be brought against an educational institution and not an individual like Defendant Martin. *Smith v. Metropolitan Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1018-19 (7th Cir. 1997). Count XI should therefore be dismissed for failure to state a claim as to Defendant Martin.

## CONCLUSION

As set forth above in Part I of this Memorandum, all of Plaintiff's claims against Defendant Cynthia Martin are time- barred because they accrued when she reached the age of majority no later than 1988 and they were not filed prior to the expiration of the then-applicable statutes of limitations sometime in 1990. Accordingly, Plaintiff's Complaint as to Defendant Cynthia Martin must be dismissed in its entirety for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6).

In addition to being untimely, several of Plaintiff's claims fail to state a claim against Defendant Cynthia Martin. For the reasons set forth in Part II of this Memorandum, Plaintiff's

claims against Defendant Martin in counts III, V, VI, IX, X and XI should also be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).

WHEREFORE, Defendant Cynthia Martin requests that the Court enter an order dismissing with prejudice all counts of Plaintiff's Complaint as it pertains to Defendant Cynthia Martin, finding that there is no just reason for delay, and directing the entry of a final judgment in favor of Martin and against the plaintiff pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, plus costs and such further relief as the court deems just.

Date: November 18, 2021

                                                  Respectfully submitted,

                                                  CYNTHIA MARTIN

                                                  By: /s/ *John H. Scheid, Jr.*

John H. Scheid, Jr. (IL Bar No. 6226015)
James J. Sipchen (IL Bar No. 6226113)
Alexander J. Beehler (IL Bar No. 6323624)
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606-4673
Phone: (312) 346-1973
jscheid@pretzel-stouffer.com
jsipchen@pretzel-stouffer.com
abeehler@pretzel-stouffer.com

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, hereby certifies that on **November 18, 2021,** the foregoing Defendant Martin's Memorandum of Law in Support of Her Motion to Dismiss was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Ian R. Alexander (IL Bar #6228738)
Joseph M. Preiser (IL Bar #6300587)
**Goldberg & Goldberg**
33 North Dearborn Street, Suite 1930
Chicago, IL 60602
(312) 368-0255
ira@bgoldberglaw.com
josephp@bgoldberglaw.com

**Attorneys for Defendants Board of Education of Lake Forest High School District 115 and Lake Forest High School**

Jennifer A. Smith (IL Bar #6282870)
Michael J. Hernandez
Caroline K. Kane
**Franczek, P.C**.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300
jas@franczek.com
mjh@franczek.com
ckk@franczek.com

/s/ *John H. Scheid, Jr.*
John H. Scheid, Jr. (IL Bar No. 6226015)
James J. Sipchen (IL Bar No. 6226113)
Alexander J. Beehler (IL Bar No. 6323624)
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tel: (312) 346-1973
*jscheid@pretzel-stouffer.com*
*jsipchen@pretzel-stouffer.com*
*abeehler@pretzel-stouffer.com*