**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON F., <br>                       Plaintiff, <br><br> v. <br><br> CYNTHIA MARTIN, *et al.*, <br>                       Defendants. | Case Number 1:21-cv-02756 <br><br> Honorable Gary Feinerman |

**DEFENDANT THE BOARD OF EDUCATION OF LAKE FOREST HIGH SCHOOL
DISTRICT 115's NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, the Board of Education of Lake Forest High School District 115 (the "District") respectfully submits this Notice of Supplemental Authority to bring the Court's attention to a decision rendered by the Illinois Appellate Court in *Coe v. Community High School District 99 and William Miller*, No. 18 L 884, 2021 IL App(2d) 210047-U (2d Dist. October 25, 2021). A copy of the opinion is attached hereto as Exhibit A. This decision was issued after the parties completed briefing on the District's Motion to Dismiss and thus, the District did not have the opportunity to incorporate this relevant and notable decision into its brief.

In *Coe*, the Second District Appellate Court held that the trial court properly dismissed the plaintiff's complaint as time barred. Ex. A. In 2018, Coe filed a two-Court complaint alleging that between 1996 and 1998, before she turned 18, her teacher William Miller, sexually abused her. *Id.* at 2. Coe amended her complaint three times and filed her own affidavit alleging that Miller invited her to his home and engaged in sexual acts. *Id.* Coe had some memory of Miller's sexual acts in November 2016 when a former classmate approached her about Miller. *Id.* In November 2017, Coe learned that other students had alleged that they were sexually abused by Miller. *Id.* Downers Grove police questioned Coe in 2017 and prompted her to recall memories of Miller's conduct and

2971708.1

abuse. *Id*. Coe met with her therapist and through these discussions, she realized that Miller had injured her and that she suffered from posttraumatic disorder. *Id*.

Defendants filed motions to dismiss arguing that Coe failed to state a claim for willful and wanton conduct and that the claims were barred by the statute of limitations under section 13-202.2 of the Childhood Sexual Abuse Act (735 ILCS 5/13-202.2) (West 1994)) and section 2-201 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2-201 (West 2018). *Id*. at 3. Coe responded, arguing that the statute of limitations did not start to run until she discovered her injuries in 2016 and 2017. *Id*.

The trial court dismissed Coe's third amended complaint with prejudice. *Id*. Because Coe indicated that she remembered at least something about having a sexual relationship with Miller, the discovery rule was not applicable, and her claims were time barred. *Id*. Coe appealed and the Second District Appellate Court affirmed dismissal relying on *Clay v. Kuhl*, 189 Ill.2d 603 (2000) and *Parks v. Kovnacki*, 193 Ill.2d 164 (2000). *Id*. at 4-7. Both cases stand for the proposition that the discovery rule does not toll the statute of limitations if the plaintiff is aware of the abuse when it occurred. *Id*. Because Coe, according to her own allegations, had some memories of the abuse, the statute of limitations began to run even though she did not know of the full extent of her injuries. *Id*. at 6-7. The appellate court also rejected Coe's request that it re-examine the presumption in *Clay* and *Parks* that knowledge of sexual abuse is equivalent to knowledge of the injury proximately caused by that sexual abuse. *Id*. at 7.

As explained in detail in the District's Motion to Dismiss, the Plaintiff's claims in this lawsuit are time-barred. Here, Plaintiff solely relies on the conclusory allegation that she didn't discover the abuse that allegedly occurred in 1986-1988 until 2019. Furthermore, like the plaintiff in *Coe*, the Plaintiff here alleges facts to indicate that she had some memory of the abuse prior to

2019 because at the time of the abuse, she "believed that this behavior was alright as long as [Plaintiff] was drug or high," Compl. at ¶ 26. Plaintiff's arguments in responding to the District's Motion to Dismiss are substantially similar to those made by the plaintiff in *Coe* and rejected by the court in *Coe*. Ultimately, the Plaintiff has failed to allege facts to invoke the discovery rule and Plaintiff's claims are time-barred.

The District respectfully asks the Court to consider the foregoing supplemental authority in support of the District's Motion to Dismiss.

Dated: November 29, 2021

Respectfully submitted,

**BOARD OF EDUCATION OF LAKE FOREST HIGH SCHOOL DISTRICT 115**

By: */s/ Jennifer A. Smith*

Jennifer A. Smith (jas@franczek.com)
Michael J. Hernandez (mjh@franczek.com)
Caroline K. Kane (ckk@franczek.com)
Franczek P.C.
300 S. Wacker Dr., Suite 3400
Chicago, Illinois 60606
(312) 986-0300

2971708.1

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she filed the foregoing **DEFENDANT THE BOARD OF EDUCATION OF LAKE FOREST HIGH SCHOOL DISTRICT 115's NOTICE OF SUPPLEMENTAL AUTHORITY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record on November 29, 2021.

>Ian Robert Alexander
>Joseph M. Preiser
>Goldberg & Goldberg
>33 N. Dearborn Street, Suite 1930
>Chicago, IL 60602
>ira@bgoldberglaw.com
>josephp@bgoldberglaw.com
>
>*Attorneys for Plaintiff*

>/s/ Jennifer A. Smith