IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON F. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-02756 |
| | ) | |
| v. | ) | |
| | ) | Hon. Gary Feinerman |
| CYNTHIA MARTIN *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT BOARD OF EDUCATION
OF LAKE FOREST HIGH SCHOOL DISTRICT 115
NOTICE OF SUPPLEMENTAL AUTHORITY**

Sharon F. was a student at Lake Forest High School in Lake Forest, Illinois in 1986-1988 when defendant Cynthia Martin ("Martin") used her position as a paraprofessional, teacher and softball coach at the high school to groom and then sexually abuse Plaintiff. Defendant Board of Education of Lake Forest High School District 115 ("District") operated Lake Forest High School and employed Martin, and was aware that Martin was using her position as a teacher and coach to groom and sexually assault female students under her supervision and care.

The District has now cited *Coe v. Community High School District 99*, 2021 IL App (2d) 210047-U as supplemental authority in support of its motion to dismiss based upon the statute of limitations. *Coe* is an unpublished appellate court order that has no precedential effect on any court, *see* Illinois Supreme Court Rule 23 (b), (e) and provides no assistance to the Court.

The statute of limitations is not a proper basis to dismiss a claim under Rule 12 (b)(6) of the Federal Rules of Civil Procedure unless the complaint alleges facts that create an ironclad statute of limitations defense, and the limitations argument must ordinarily await factual development. *Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005). Illinois civil

1

procedure treats statutes of limitations differently, and Illinois state courts may consider affidavits and other evidentiary matter when ruling on a motion to dismiss based upon the statute of limitations. *Coe* at ¶13. That is what the *Coe* court did, making factual determinations and finding that assertions in an affidavit submitted by the plaintiff that her memories were incomplete in some instances of abuse showed that she was aware that she had been wronged by the defendant at the time the sexual abuse occurred, and thus could not invoke the discovery rule. *Id.* at ¶17-18.

*Coe* does not alter federal civil procedure. Plaintiff was not required to plead the discovery rule or any other defense to the statute of limitations in her complaint, and dismissal is only proper under Rule 12 (b)(6) if she alleged facts in the complaint that affirmatively show that their suit is time barred. *Clark v City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). The District has not and cannot point to any allegations in the complaint which indisputably shows that Plaintiff was aware of the sexual abuse and understood that it was wrong at the time that it happened such that the discovery rule could never apply, and so the motion to dismiss must be denied. *Id.* at 767-768 (Plaintiff's failure to plead the discovery rule did not entitle defendant to dismissal under the statute of limitations, as there is the possibility of a set of facts that, if proven, would establish a defense to the statute of limitations.). While facts developed during discovery may reveal that Plaintiff cannot rely upon the discovery rule to toll the applicable statute of limitations, *Coe* provides no basis for this Court to grant the District's motion to dismiss.

                                      Respectfully Submitted,

                                      GOLDBERG & GOLDBERG

                                      By: /s/ Ian R. Alexander

Attorneys for Plaintiff
Ian R. Alexander (IL Bar # 6228738)
Joseph M. Preiser (IL Bar # 6300587)
GOLDBERG & GOLDBERG
33 North Dearborn Street, Suite 1930
Chicago, IL 60602
(312) 368-0255
ira@bgoldberglaw.com;
josephp@bgoldberglaw.com