**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON F., | ) |
|               Plaintiff, | ) Case No.: 1:21-cv-02756 |
| v. | ) Honorable John J. Tharp, Jr. |
| CYNTHIA MARTIN, LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115 and LAKE FOREST HIGH SCHOOL, | ) |
|               Defendants. | ) |

**DEFENDANT MARTIN'S MEMORANDUM OF LAW IN SUPPORT
OF HER MOTION FOR SUMMARY JUDGMENT**

Defendant Cynthia Martin, by her attorneys, and pursuant to Federal Rule of Civil Procedure 56, hereby submits the following Memorandum of Law in Support of her Motion for Summary Judgment on all claims Sharon's Complaint directed at Defendant Cynthia Martin.

**I.     INTRODUCTION**

Dr. Sharon ("Sharon"), without ever obtaining leave of court, improperly sued Defendant Cynthia Martin ("Cindy") under a fictious name, alleging that Cindy sexually abused and groomed her during her senior year at Lake Forest High School. That alone is grounds for dismissal of her Complaint.[1] Regardless, even if Sharon had proceeded in proper fashion, her claim for childhood sexual childhood abuse against Cindy brought under various statutes is time-barred under the

---

[1] Sharon did not seek leave to file her complaint anonymously as required by the federal rules. Fed. R. Civ. Pro. 10(a), 17(a). Defendant Martin did not receive the same benefit and has been prejudiced as a result. *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485 (7th Cir. 2024) ("Why should a plaintiff be able to shield himself from public knowledge of his acts when throwing a harsh light on identified defendants?"). "The norm in federal litigation is that all parties' names are public," and it should have been disclosed here. *Id*. ("The district judge abused his discretion when permitting 'John Doe' to conceal his name without finding that he is a minor, is at risk of physical harm, or faces improper retaliation (that is, private responses unjustified by the facts as determined in court)."). As such, failing to seek permission to file anonymous is a separate basis on which to dismiss Sharon's complaint. *Id*. (*see generally, W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("Because plaintiff used pseudonyms without first obtaining permission from the district court, the case was improperly filed and must be dismissed for lack of appellate jurisdiction.").

applicable two-year statute of limitations. The evidence is clear, unequivocal, and undisputed that Sharon had sufficient information about her alleged claim to trigger the running of the limitations period for her to bring suit as far back as July 16, 1987. Sharon's deposition testimony proves that her allegations regarding suppressed memory, which is her only basis to delay the running of the limitations period, are false. In fact, Sharon testified that she has always been aware of the relationship that occurred between her and Cindy from the 1980s to present. The physical relationship began when Sharon was 17 years old and continued after she reached the age of majority on July 16, 1987. Thus, Sharon was required to file her present suit against Cindy no later than July 16, 1989. Yet, Sharon did not bring the present action for 33 years until she was 52 years old. Sharon's Complaint is therefore untimely under the discovery rule, and her alleged failure to fully discover the nature of her injuries is insufficient to delay the running of the limitations period.

## II. PROCEDURAL HISTORY

On May 21, 2021, Sharon, now 55 years old and 33 years after the events at issue, filed a Complaint against Cindy and Lake Forest High School. (Dkt. 1). Sharon alleged that Cindy "groomed and sexually abused" her from 1986 through 1988, when she was between the age of 16 and 18 years old during her Junior and Senior years at Lake Forest High School. (Dkt. 1 ¶¶19-20, 23, 25). In her Complaint, Sharon alleged that as a result of the alleged abuse she "suffered and continues to suffer injuries, including but not limited to, severe and permanent emotional distress" and "psychological injuries." (Id. at ¶¶29, 58).

Sharon also alleges that she "did not discover that the act of the childhood sexual abuse occurred and that her injury was caused by the childhood sexual abuse until years later, at the earliest of July 2019." (Dkt. 1, ¶30). She alleges that she "suppressed the memories of the abuse

she suffered as a minor until recently…" and "never gave [the abuse] much thought until [her] daughter recently entered high school" in 2019. (Dkt. 1 ¶ 40; Doc. 2, pp. 145-46:18-7).

In her Complaint, Sharon asserted 13 claims titled as follows: count I – childhood sexual abuse; count II – battery; count III – willful and wanton misconduct; count IV – negligence; count V – negligent failure to follow established policies and procedures; count VI – breach of fiduciary duty; count VII – intentional infliction of emotional distress; count VIII – negligent infliction of emotional distress; count IX – failure to supervise; count X – negligent retention; count XI – Title IX discrimination; count XII – due process/state-created danger; and count XIII – Section 1983 violation of constitutional rights (Monell doctrine).

On November 18, 2021, Cindy filed a motion to dismiss all claims against her on the bases that the Complaint was time-barred and for failure to state a cause of action. (Dkt. 40). Judge Feinerman issued an order on March 24, 2022, granting in part and denying in part the motion to dismiss. (Dkt. 51). The motion was denied as to the statute of limitations argument, on the sole allegation in Sharon's Complaint that she "suppressed the memories of the abuse she suffered as a minor until recently…" (Dkt. 51, p. 4, citing Dkt. 1 ¶ 40). The Court found that this claim survived dismissal at the pleading stage due to the suppression allegation, but added that defendants could "reprise their limitations defense on summary judgment (or at trial) on a full evidentiary record." (Dkt. 51, p. 5).

The March 24, 2022, Order dismissed the state law claims for negligent failure to follow policies and procedures, breach of fiduciary duty, failure to supervise, and negligent retention, and the Title IX discrimination claim as to Cindy. Seven claims remained against Cindy: childhood sexual abuse, battery, willful and wanton misconduct, negligence, intentional infliction of

3

emotional distresses, negligent infliction of emotional distress, and state-created danger due process claims (Counts I, II, III, IV, VII, VIII, XI). (Dkt. 51, p. 11).

Had Sharon alleged in her Complaint as she testified in her deposition (i.e., that Sharon never suppressed the memories of the relationship), this case would not have proceeded beyond the motion to dismiss stage and for more than two years. Now, Sharon's recent deposition testimony establishes that all the aforementioned claims are time-barred as to Cindy and have been time-barred since 1990—which was at least two years after Sharon reached the age of 18. Cindy moves for summary judgment as to all counts remaining against her in the Complaint.

### III. RELEVANT FACTUAL BACKGROUND

#### A. SHARON HAS ALWAYS KNOWN ABOUT THE RELATIONSHIP.

Sharon's recent deposition testimony proves that Sharon has *always been aware*—from 1986 until present day—that she engaged in a sexual relationship with Cindy. (*See*, SOF ¶¶ 30, 31). Specifically, Sharon testified:

> Q: Is there any point in time where you are asserting that you do not remember having a relationship with Ms. Martin?
>
> A: No, I remember having a relationship with Martin. However, I characterized it in my own head as a normal, healthy relationship.
>
> Q: So you were aware of the fact that you had a sexual relationship with Ms. Martin from the time it began until the present day, correct?
>
> A: Correct.
> (*See*, SOF ¶¶ 30, 31).
>
> Q: I just want to confirm that you – from 1986 until 2024, as we sit here today, the entire time you've been aware of the fact that you engaged in a sexual relationship with Ms. Martin, correct?
>
> A: Yes.
> (*See*, SOF ¶ 31)
>
> Q: And you didn't mention it in 2015?

4

A: ███████████████████████████████████████
████████████████████████████████████████
████████
██████████.

Q: You knew obviously that you had a relationship with her [Cindy], true?

A: Yes.
(*See*, SOF ¶ 31).

While at college, Sharon told a friend about her relationship with Cindy. (*See*, SOF ¶ 32). She also told her first wife about the relationship. (*See*, SOF ¶ 33). ████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████

On June 28, 2020, Sharon sent a Facebook message to Rick Wolfgram, a Lake Forest High School alum who was sexually abused by a male teacher and pursuing legal action. (*See*, SOF ¶ 36). In the message, she recounts her relationship with Cindy and explains how it continued until she graduated. (Id.) In an effort to keep her claims alive, Sharon suggested that she simply pushed the relationship away until she wanted to try pressing criminal charges but realized the statute of limitations had passed. (Id.)

      **B.**    **THE RELATIONSHIP CONTINUED INTO SHARON'S ADULT LIFE.**

Sharon first met Cindy in the fall of her junior year of high school. (*See*, SOF ¶ 10). While Sharon alleged in her Complaint that the sexual relationship began her junior year, there were no sexual interactions until her senior year. (Id.) The sexual relationship began Sharon's senior year, in or around October 1986—the night before she took the SAT/ACT. (*See*, SOF ¶ 14). Sharon was 17 years old when the sexual relationship began and willingly entered into it. (Id.)

Sharon continued the relationship with Cindy into her early adult life. (*See*, SOF ¶ 22). Even when she was in a relationship with someone else, Sharon continued contact with Cindy. (*See*, SOF ¶ 23). The two met in Las Vegas and spent time together since "they were in a relationship." (*See*, SOF ¶¶24). They also spent time with each other in Chicago while Sharon was competing in a triathlon. (*See*, SOF ¶ 24). Sharon was over the age of 18 at the time of these trips. (*See*, SOF ¶ 24).

Throughout the years, there was letters and cards exchanged between the two. Sharon wrote Cindy a letter on July 14, 1990, right before Sharon's 21st birthday, indicating she was still in love with Cindy despite that Sharon was in relationship with someone else. (*See*, SOF ¶ 27). Sharon sent Cindy a postcard from Las Vegas on March 30, 1991. (*See*, SOF ¶ 28). In the postcard, she wrote that she wished Cindy was with her and how much fun they would have if they were together. (Id). Sharon also sent Cindy several birthday cards throughout the years. (*See*, SOF ¶ 29). In the November 6, 1994 card, Sharon wrote that she was glad to have a friend like Cindy and does not "know where [she'd] be without [her]." (Id.)

### C. SHARON ONLY RECENTLY CHANGED HER MIND ABOUT THE RELATIONSHIP.

Sharon was in love with Cindy (as evidenced by Sharon's own letters and cards) and had always viewed their relationship as a healthy relationship, until she recently started seeing it "through a really completely different light." (*See*, SOF ¶¶ 30, 37, 38). Sharon testified she did not suffer any psychological injuries from the relationship and had never given the relationship much thought until her daughter entered high school in 2019. (*See*, SOF ¶ 39). ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████

Sharon, who is a medical doctor in Oregon, testified that, if she were treating a patient and they came to her as a teacher and said they were in a secret relationship with a minor student, she

6

would find it inappropriate. (*See*, SOF ¶¶ 4, 41). When questioned further about why she decided to pursue legal action only now knowing the statute of limitations had passed, Sharon testified she was angry that Cindy denied everything and was upset Cindy did not apologize. (*See*, SOF ¶ 42).

### IV. ARGUMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013).

#### A. THE DISCOVERY RULE DOES NOT SAVE SHARON'S SEXUAL ABUSE CLAIM BECAUSE SHARON DID <u>NOT</u> SUPPRESS ANY MEMORIES AND WAS ALWAYS AWARE OF THE SEXUAL RELATIONSHIP.

Prior to January 1, 1991, claims of personal injury resulting from childhood sexual abuse were governed by the two-year limitations period for personal-injury claims. 735 ILCS 5/13-202; see, Feinerman Opinion, Dkt. 51, p. 3-4; *see also, Clay v. Kuhl*, 189 Ill. 2d 603, 608 (2000). On January 1, 1991, the legislature adopted section 13-202.2 of the Code (Pub. Act 86-1346 (eff. Jan. 1, 1991)), which codified a two-year statute of limitations for childhood sexual abuse cases and incorporated the common-law discovery rule. *Wisniewski v. Diocese of Belleville*, 406 Ill. App. 3d 1119, 1173 (2001) (section 13-202.2 codifies the common-law discovery rule). Under section 13-202.2(b), the two-year limitations period does not begin to run until the victim "discovers or through the use of reasonable diligence should discover" that the abuse occurred and that the abuse caused the personal injury. Ill. Rev. Stat. 1991, ch. 110, ¶ 13/202.2(b) (now 735 ILCS 5/13-202.2(b)).

An action for personal injury must be filed "within 2 years next after the cause of action accrued." 735 ILCS 5/13-202. If the party is a minor, "he or she may bring the action within 2 years after the person attains the age of 18 years." *Id*. § 13-211. Under the common-law discovery rule, the limitations period begins to run when the party seeking relief both (1) knows or reasonably should know of his/her injury and (2) knows or reasonably should know that it was wrongfully caused. *Clay,* 189 Ill. 2d at 608; *see also*, *Parks v. Kownacki*, 193 Ill. 2d 164, 176 (2000). The limitations period begins running even if the Sharon does not know that the misconduct was actionable. *Parks*, 193 Ill. at 176. Whether the discovery rule applies is generally a question of fact but may be determined as a matter of law when the answer is clear from the pleadings. *Clay*, 189 Ill. 2d at 609-10. Here, the answer is clear from the testimony.

Sharon filed her complaint nearly 33 years after the relationship and alleged abuse began in 1986. (Dkt. 1; *See also,* SOF ¶ 14). Despite being 18 years old when the relationship was ongoing, (*see*, SOF ¶ 2), Sharon's entire claim stands on the allegation that she "suppressed" memories of the relationship. (Dkt 1, ¶ 40). However, as Sharon's deposition testimony makes abundantly clear, this case is no longer about suppressed memory. Sharon has always had knowledge of the alleged events throughout her life that would have triggered the two-year limitations period. See, Feinerman Opinion, Dkt. 51, p. 3-4. Thus, the limitations period started when Sharon turned 18 in July 1987, and it ended two years later in July 1989.

Sharon testified there was never a point in time where she did not remember having a relationship with Cindy. (*See*, SOF ¶¶ 30-31). From the time the relationship started in 1986 until present day, Sharon has always known she had a sexual relationship with Cindy. (*See*, SOF ¶ 31). She even told a friend in college and her first wife about the relationship. *See*, SOF ¶¶ 32, 33).

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Using either date, Sharon's claims against Cindy are barred by the statute of limitations. *See*, Parks, 193 Ill. 2d at 176; *see also*, Dkt. 51.

Further, as her letters and birthday cards to Cindy throughout the years make clear, Sharon has always remembered, and even cherished, the relationship she had with Cindy. (*See*, SOF ¶¶ 28, 29, 31, 32, 37). But only now, over three decades later and when another case was being brought against Lake Forest, Sharon has decided to pursue litigation. Her explanation for the delay in filing her claim is that while she viewed the relationship as a normal one. (*See*, SOF ¶¶ 31, 36, 42). She is only now beginning to think that the relationship may have been wrong or harmful. (*See*, SOF ¶¶ 38, 39). Since there was never any suppressed memory, this action is untimely, and the discovery rule does not save Sharon's claims. Evidence makes clear that Sharon had sufficient information about her alleged injury and its cause to require her to bring suit within two years after reaching the age of majority.

**B. SINCE SHARON NEVER SUPPRESSED MEMORIES OF THE SEXUAL RELATIONSHIP, ANY ARGUMENT THAT SHARON ONLY RECENTLY DISCOVERED AN INJURY CONFLICTS WITH ILLINOIS LAW.**

Sharon has always known that the sexual relationship occurred but only now alleges that the conduct could be wrong or harmful. (*See*, SOF ¶¶ 37, 38). Knowledge of injury is presumed as a matter of law where the victim was aware of the sexual abuse as it was occurring. *Clay,* 189 Ill. 2d at 611-12. The alleged failure to fully discover the nature of her new-found injuries is insufficient to delay the running of the limitations period. "There is no requirement that a plaintiff must know the full extent of his or her injuries before suit must be brought under the applicable statute of limitations." *Clay,* 189 Ill. 2d at 611. "Accepting the plaintiff's argument in support of delayed discovery of the injury would improperly create a subjective standard by which accrual of

a cause of action would be measured." *Id.* at 613; *see also*, *Doe v. Carlson,* 2017 IL App (1st) 160536, ¶ 19 ("knowledge of injury is presumed where the victim was aware of the sexual abuse as it was occurring;" it is well-settled that under the discovery rule a plaintiff need not appreciate the criminality of the conduct at issue to be charged with knowledge that her injury was wrongfully caused).

Despite always knowing about the relationship, Sharon contends that her injuries were latent and did not fully manifest until over 30 years later. (*See*, SOF ¶ 39, 40). Sharon testified she had always viewed the relationship as a normal one and believed she did not suffer any psychological injuries. (Id.) She never gave the relationship much thought (except finding it to have been a healthy relationship) until, she claims, her daughter entered high school in 2019. (Id.)

███████████████████████████████████████████████████████████████
████████████████ ████████████████████████████████████████████
████████████████████████████████████████████

Thus, this case involves not a plaintiff who failed to discover *any* injury, but a plaintiff who allegedly failed to discover the full extent of her injuries before the statute of limitations ran. Even with the contention that she did not understand the nature of the relationship and the alleged injury, based on the principles of Illinois law set forth above, these contentions still do not invoke the discovery rule as a matter of law. *Clay,* 189 Ill. 2d at 611, *see also*, *Carlson,* 2017 IL App (1st) 160536, ¶ 19. Because Sharon knew or should have known at the time of the alleged incident both that she was injured and that the injury may have been wrongfully cause, the statute of limitations period commenced at that time.

In her deposition, Sharon testified in significant detail about how the relationship started and continued into her adult life. (*See*, SOF ¶¶ 10-21; 22-29). Her deposition further proves that

10

Sharon was not forced or coerced into the relationship. Sharon willingly spent time with Cindy and was the one to maintain contact throughout the years. (Id.) They continued the relationship after Sharon turned 18 and even shared vacations together. (*See*, SOF ¶¶ 22-29). Even while Sharon was in other relationships, she maintained contact with and her feelings for Cindy. (Id.)

Sharon also alleges that Cindy told her to keep their relationship a secret during high school (not after), but her testimony makes it clear that the two did little to hide their relationship. (*See*, SOF ¶¶ 11, 15-21). It would be strange for someone "grooming" another person to be so open about their relationship.

While Sharon attempts to blame the use of alcohol and drugs for her relationship with Cindy, she had already used marijuana and drank beer prior to meeting Cindy—as that had been the social norm at Lake Forest High School according to Sharon. (*See*, SOF ¶¶ 12). Sharon also testified that she believed her relationship with a woman was acceptable as long as she was drunk or high. (*See*, SOF ¶ 20). Her shame was surrounding the fact she was in a relationship with another woman, not because she was being groomed and not because she was 17 when the relationship began. (Id.)

### C. AS AN ADULT, SHARON IS CHARGED WITH THE KNOWLEDGE THAT THE RELATIONSHIP COULD HAVE BEEN HARMFUL AND COULD RESULT IN INJURY.

As a matter of law, adults are charged with the knowledge that sexual contact between adults and a minor is not only harmful and wrong but also that it results in jury. *Softcheck v. Imesch*, 367 Ill. App. 3d 148, 156 (3rd Dist. 2006) (the court held that when plaintiff attained the age of 18, as a matter of law, he was charged with knowledge that defendant's prior sexual contact was harmful and injurious).

Here, the sexual relationship continued until after Sharon reached the age of majority. (*See*, SOF ¶¶ 10-16); s*ee*, e.g., *Doe v. Carlson*, 2017 IL App (1st) 160536 (rejecting application of

11

discovery rule, where plaintiff alleged abuse began when she was 16 that continued until after the she turned 18 and was in college). Since the relationship was ongoing when Sharon turned 18, the two-year limitations period began to run when she turned 18 in July 1987 and ended two years later in July 1989. *See*, 735 ILCS 5/13-211; Dkt. 51, Feinerman Order (finding that, if Sharon did have knowledge of the conduct as of 1988 when Sharon was already eighteen years old, then her claims would be time barred in 1990).

This case is analogous to the plaintiffs in *Clay* and *Parks*, wherein each plaintiff remembers the abuse and was aware of the abuse as it occurred. *See*, *Clay*, 189 Ill. 2d at 610; *Parks,* 193 Ill. 2d at 177. In *Clay,* the plaintiff, born in 1964, admitted that she knew of the abuse when it occurred in the 1970s but alleged that she did not realize that her "sexual encounters" with the defendant had caused her psychological injuries until 1994. 189 Ill. 2d at 605-06, 609. The plaintiff did not file suit until 1996, alleging that the discovery rule saved her otherwise untimely complaint. *Id*. at 609-10. The Illinois supreme court disagreed, holding that the plaintiff's complaint was untimely under the discovery rule. *Id*. at 610. The supreme court noted that the plaintiff alleged that she "was aware of the abuse as it occurred" and did not allege that "she repressed her memories of the abuse." *Id.* The court went on to hold that, because the allegations in the complaint "show that the plaintiff was always aware of the misconduct charged, and the absence of any contrary assertion that the plaintiff repressed memories of the abuse, we believe that the plaintiff's action must be considered untimely under the discovery rule." *Id.*

The court rejected the claim that the plaintiff's alleged failure to fully discover the nature of her injuries was sufficient to delay the running of the limitations period. *Clay*, 189 Ill. 2d at 611. The court held that "there is no requirement that a plaintiff must know the extent of his or her injuries before suit must be brought under the statute of limitations." *Id.* Accordingly, the

12

plaintiff's complaint was barred as untimely, because by the time she turned 18 in 1982 she knew of her abuse (which was tantamount to knowing that she was injured) and knew that her injury was wrongfully caused, but she did not file suit until 14 years later. *Id.* at 610-12.

Similarly, in *Parks*, the plaintiff alleged that the defendant sexually abused her when she was 15 through 18 years old, from 1970 through 1973. 193 Ill. 2d at 177. However, the plaintiff did not file her complaint until 1995, at least 22 years after she reached 18. *Id*. The plaintiff did not allege that she did not remember that she had been abused; she alleged only that she failed to make the connection between her injuries and the abuse until 21 years later. *Id*. The supreme court held that plaintiff's claims were time-barred. *Id*. at 178. The court reasoned that the "plaintiff was aware of both the cause and some injury" and that her alleged failure to understand the connection between the abuse and her other injuries did not delay the limitations period. *Id*.

No adult may reasonably allege that they do not know that sexual conduct between adults and children is both wrong and harmful. Plaintiff's allegation that she did not perceive the wrongness of the conduct until later in her life, simply does not lead to a reasonable inference sufficient to invoke the discovery rule. When Plaintiff attained the age of 18, as a matter of law, she was charged with knowledge that the prior sexual contact was harmful and injurious.

It is further suspicious (and not credible) that a board-certified doctor, with significant training in both the medical, pediatric, and psychological fields, alleges she did not appreciate the wrongfulness of the relationship until her own daughter entered high school. (*See,* SOF, ¶¶ 4, 41). Sharon had 33 years to pursue civil charges. As Sharon's testimony makes clear, this is not a case about suppressed memory, but rather about vengeance and financial gain. Sharon knew the statute of limitations passed but she pursued civil action anyway because she was angry with Cindy for denying the nature of the relationship and not apologizing. (*See,* SOF, ¶ 42) Sharon cannot

13

suddenly claim "suppressed memory" to justify changing her mind and her unreasonable delay in filing suit.

A reasonable jury could not find that Sharon was unaware of the harm and injuries for over three decades, especially given that the relationship continued until she reached the age of majority and years beyond. And even assuming *arguendo* that this presumption of knowledge is inapplicable, Sharon's testimony nevertheless reveals that she had actual knowledge of the cause of at least a portion of her injuries when they occurred.

## V. CONCLUSION

The evidence demonstrates that all of Sharon's claims against Cindy are time-barred. Sharon had enough information in 1990, at the latest, to put her on notice that she was injured, and the injury may have been wrongfully caused by the relationship. There is no legitimate factual question for a jury to decide and Defendant is entitled to summary judgment on all claims.

Defendant Cynthia Martin respectfully request that the Court issue a ruling to limit or cease further expenditures related to discovery in this case. It is Defendant's belief that the discovery process has reached a point where additional expenditures are no longer proportional to the needs of the case or to the potential benefits of further discovery. Trial courts are vested wide discretion in ruling on discovery matters, and a reviewing court will not disturb a trial court's discovery rulings in absent an abuse of that discretion. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶96. A trial court abuses its discretion only when "no reasonable person would take the view adopted by the trial court." *Id.* (internal quotation marks omitted); *Foley v. Fletcher*, 361 Ill. App. 3d 39, 46 (1st Dist. 2005).

Date: October 11, 2024

                                                            Respectfully submitted,

                                                            CYNTHIA MARTIN

                                                            By:    /s/ *John H. Scheid, Jr.*

John H. Scheid, Jr. (IL Bar No. 6226015)
James J. Sipchen (IL Bar No. 6226113)
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606-4673
Phone: (312) 346-1973
jscheid@pretzel-stouffer.com
jsipchen@pretzel-stouffer.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that he caused the foregoing Defendant Martin's Memorandum of Law in Support of Motion for Summary Judgment to be electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

**Attorneys for Sharon**

Ian R. Alexander (IL Bar #6228738)
Joseph M. Preiser (IL Bar #6300587)
**Goldberg & Goldberg**
33 North Dearborn Street, Suite 1930
Chicago, IL 60602
(312) 368-0255
ira@bgoldberglaw.com
josephp@bgoldberglaw.com

**Attorneys for Defendants Board of Education of Lake Forest High School District 115 and Lake Forest High School**

Jennifer A. Smith (IL Bar #6282870)
Michael J. Hernandez
Caroline K. Kane
**Franczek, P.C**.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300
jas@franczek.com
mjh@franczek.com
ckk@franczek.com

/s/ *John H. Scheid, Jr.*
John H. Scheid, Jr. (IL Bar No. 6226015)
James J. Sipchen (IL Bar No. 6226113)
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Tel: (312) 346-1973
*jscheid@pretzel-stouffer.com*
*jsipchen@pretzel-stouffer.com*