# Exhibit 1

# FILED UNDER SEAL

# Exhibit 2

# FILED UNDER SEAL

# Exhibit 3

# FILED UNDER SEAL

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON F., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-02756 |
| v. | ) | |
| | ) | Hon. John J. Tharp |
| CYNTHIA MARTIN, and THE BOARD | ) | |
| OF EDUCATION OF LAKE FOREST | ) | |
| HIGH SCHOOL DISTRICT 115, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CYNTHIA MARTIN'S ANSWERS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant CYNTHIA MARTIN, by and through his attorneys, PRETZEL &

STOUFFER, CHARTERED, and pursuant to Federal Rule of Civil Procedure 33, provides the

following Answers and Objections to the First Interrogatories of Plaintiff, SHARON F.

**INTERROGATORIES**

1.      State the full name of the defendant answering, as well as your current professional
and residential addresses, date of birth, marital status and the last four digits of your social
security number.

**ANSWER**:

**Cynthia Martin**
**1915 Illinois St. Des Plaines, IL 60018 (residential)**
**D.O.B.: 11/06/58**
**Not married.**

2.      Identify the name of any person who has given a statement or deposition, recorded
or memorialized in any form including video or audio, which relates to any claim of Sexual
Misconduct by Martin with any minor, including the Plaintiffs, as well as:

        a.      The names of any person involved in any investigation by you or
                any defendant of such allegation; and,

b.      To the extent any such deposition has occurred, please provide the name of the deponent, date of the deposition and identification of the court reporter.

**ANSWER:**

**Without waiving any objection, none known to this Defendant at this time besides those redacted names contained in the Lake Forest PD Investigation report.**

3.      Identify the name, title and current address of any person who (a) reported to the Defendants, or any representatives thereof, any actual, alleged or suspected Sexual Misconduct by Martin; (b) received or recorded any such report or allegation; and, (c) investigation any such report or allegation.

**ANSWER**:

**Without waiving any objection, none known to this Defendant at this time.**

4.      With respect to each report or allegation identified in 3 above, identify (a) the date of each report, allegation, record and/or investigation; (b) the nature and substance of such report, allegation, or investigation; (c) the disposition of such report, allegation, or investigation; and, (d) the current location of any record of the report, allegation or investigation.

**ANSWER**:

**Please see answer to Interrogatory No. 3.**

5.      State the following and if you cannot answer, identify the person on behalf of the defendant, with the most knowledge of:

(a)      The training and education of Martin;

(b)      Any psychological testing or assessment of Martin;

(c)      The assignments of Martin within Lake Forest High School Community School District 115;

(d)      Any report of alleged inappropriate sexual contact or abuse by Martin prior to her assignment at Lake Forest High School.

(e)      The investigation by any defendants of reports of alleged inappropriate sexual conduct or abuse by Martin prior to her employment at Lake Forest High School.

2

(f)     The investigation by any defendant of reports of inappropriate sexual conduct or abuse by Martin during or after her employment at Lake Forest High School; and,

(g)     The assignment of a person to watch, monitor, assist, or counsel Martin regarding, or in response to, alleged inappropriate sexual conduct or abuse by Martin.

**ANSWER**:

**Objection as to relevance and vagueness as to what is being requested to be stated in regard to seven different lines of inquiry. Without waiving the objection, Martin never received any reports of inappropriate sexual conduct during her teaching career. Further, please see the Defendant's response to your requests to produce, specifically, Illinois State Board of Education production documents BATES stamped ISBE 000023-000091 with regard to Martin's employment at Lake Forest High School.**

6.     Identify the time frame when Lake Forest Community High School District 115 and/or Lake Forest High School were first apprised of allegations of Sexual Misconduct by Martin, and state the persons who provided such information, and the substance of such report or allegation.

**ANSWER**:

**Objection in that interrogatory seeks knowledge held by another party. Without waiving said objection, none other than what is known to this Defendant as the redacted names contained in the Lake Forest PD Investigation report produced in this Defendant's responses to your requested production, BATES stamped ISBE 000012-000022.**

7.     Identify each person who held the positions of Superintendent, School Board, Principal and Vice Principal from 1980-present. Identify the person with direct supervisory authority over Cynthia Martin from 1980-present.

**ANSWER**:

**Objection in that interrogatory seeks knowledge held by another party. Objection as this interrogatory is overly broad in regard to the time frame requested. Without waiving the any objection, Robert Metcalf (Superintendent), and Andrew Kleck (immediate supervisor) before 1986-1987 school year, David Strain (immediate supervisor) 1986-1987.**

8.     Identify all persons by or on behalf of any defendant, who talked to any of the plaintiffs or any student at any school where Martin has worked about alleged abuse by or relating to Martin and state the time frame and nature of such discussions.

3

**ANSWER**:

**Objection as this interrogatory is overly broad. Without waiving any objections, Martin and Plaintiff spoke frequently about many topics while Plaintiff was a student in high school and thereafter. Martin has no other information responsive to this interrogatory.**

9.     Identify the full name, address, and current location, of any Professional Responsibility Administrator (PRA) by or on behalf of any defendant from 1980-present.

**ANSWER**:

**Objection, this Interrogatory No. 9 is not directed to this Defendant. Without waiving any objections, none.**

10.     Identify the name, title, position, social security number, last known address of any person, who reported any matter relating to Martin's Sexual Conduct and/or Sexual Misconduct while employed with the school district.

**ANSWER**:

**None.**

11.     Please identify any and all primary and/or excess insurance against occurrences or claims of the kind alleged by the plaintiffs in the complaint, including the name and address of the insurer(s), the limit of any applicable policy, whether the policy or policies were in effect at the time of the occurrences or claims alleged in the complaint and whether the policy or policies contained intentional acts exclusions and if they do, please provide the wording of any such exclusions.

**ANSWER**:

**Martin did not purchase any policies to which this applies.**

12.     For any and all insurance policies identified in response to interrogatory 11 above, please state whether such insurer has been notified of the plaintiffs' claims herein, whether the insurer has denied coverage for such claims or whether such insurer has asserted a reservation of rights.

**ANSWER**:

**Martin made a demand on the School District to provide coverage, which the School District rejected.**

4

13.     Identify all Persons hired or retained by You to investigate the plaintiffs or their claims against You.

**ANSWER**:

**None.**

14.     Identify all judges, former judges, or elected officials You have communicated with.

**ANSWER**:

**Objection, this Interrogatory No. 14 is irrelevant. Without waiving any objection, none.**

15.     Do you have any document or information:

    a.     That any plaintiff was, within the five years immediately prior to the occurrence, confined in a hospital and/or clinic, treated by a physician and/or other health professional, or x-rayed for any reason other than person injury? If so, state the name and address of each such hospital and/or clinic, physician, technician and/or other health care professional, the approximate date of such confinement or service and state the reason for such confinement or service.

    b.     That any plaintiff has suffered any serious personal injury and/or illness prior to the date of the occurrence? If so, state when, where and how he was injured and/or ill and describe the injuries and/or illness suffered;

    c.     That any plaintiff has suffered any serious personal injury and/or illness since the date of the occurrence? If so, state when, where and how he was injured and/or ill and describe the injuries and/or illness suffered;

    d.     That any plaintiff has ever filed any other suit for his/her own personal injuries? If so, state the court and caption in which filed, the year filed, the title and docket number of the case.

    e.     That any plaintiff received or underwent any psychiatric, psychological or counseling assessment, exam or services;

    f.     That any plaintiff was the victim of any other sexual or physical abuse (excluding that in the plaintiff's complaint); and,

> g.    That any plaintiff was arrested or convicted regarding any criminal or potential criminal matter.

**ANSWER**:

**None known to this Defendant besides that which is being produced in discovery. Investigation continues.**

16.    Describe what actions you took in response to any accusations, including but not limited to, any Counseling Services sought or provided by defendants.

**ANSWER**:

**Objection, this Interrogatory No. 16 requests information that would violate HIPAA rights. Without waiving any objections, no accusations were made against Martin while she was employed by Defendant School District or thereafter and, therefore, Martin did not seek counseling Services from Defendant School District.**

17.    Describe each report made to any law enforcement agency or other governmental entity by Lake Forest Community High School District 115 and/or Lake Forest High School relating to alleged or suspected Sexual Misconduct with any minor(s) by you.

**ANSWER**:

**None.**

18.    Describe with particularity all efforts taken by any defendant to determine whether You were sexually attracted to minors.

**ANSWER**:

**Objection to all inferences raised in this interrogatory. Without waiving any objection, Martin participated in the typical background checks for that era before her employment at the School District.**

19.    Describe with particularity any specific medical or psychological problems, not associated with Sexual Misconduct with minors, which raised concerns with defendants about Your fitness for employment.

**ANSWER**:

**Objection to relevance, to the lack of specificity regarding the years at issues, and to the existence that Martin had any specific medical or psychological problems while employed by Defendant School District. Without waiving any objection, to Martin's knowledge, there was no question as to her fitness for employment.**

20.     Describe with particularity any information available to any defendant, if any, that Martin had problems with alcohol or substance abuse.

**ANSWER**:

**Objection to relevance, to the lack of specificity regarding the years at issues, and to the existence that Martin had any problems with alcohol or other substances while employed by Defendant School District. Without waiving any objection, there was no question as to Martin's fitness for employment.**

21.     Describe what actions were taken by any defendant to address Your problems with alcohol or substance abuse, if any.

**ANSWER**:

**See objections and responses to Interrogatory No. 20.**

22.     Describe with particularity all reports or allegations that Martin engaged in Sexual Misconduct with a minor, if any, which was made known to defendants at any time.

**ANSWER**:

**Please see answer to Interrogatory No. 3. Without waiving any objection, Plaintiff is the only individual to have made such allegations, see the Lake Forest PD Investigation report produced in this Defendant's responses to your requested production, BATES stamped ISBE 000012-000022.**

23.     Identify each Person who has knowledge of any facts relating to Martin's alleged Sexual Misconduct with any Person who was a minor on the date(s) of the alleged Sexual Misconduct.

**ANSWER**:

**For those who may have knowledge about the matters alleged in Plaintiff's Complaint, Martin incorporates her responses in her Rule 26 initial disclosures.**

24.     Identify each Person who has supervised Martin's employment or provision of services from the beginning of Martin's relationship with defendants through the present.

**ANSWER**:

**Objection, this Interrogatory No. 24 is not directed to this Defendant, and asked and answered. Without waiving any objection, please see answer to Interrogatory No. 7 for further response.**

25.     Identify each of defendants' employees or agents who worked with Martin, at any time, and in any capacity.

**ANSWER**:

**Objection, this Interrogatory No. 25 is not directed to this Defendant.**

26.     For each Employee identified in response to Interrogatory No. 26, state the time frame *and location* that they worked with Martin.

**ANSWER**:

**Objection, this Interrogatory No. 26 is not directed to this Defendant and is beyond the FRCP Rule 33 limitation on written interrogatories.**

27.     Identify all witnesses who knew or have reported that they knew that Martin had engaged in Sexual Misconduct with any minor(s).

**ANSWER**:

**Objection calls for a legal conclusion and is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving previous objection, Martin has no information responsive to this request.**

28.     Identify all witnesses who had any suspicion, or have reported that they had any suspicion, that Martin had engaged in Sexual Misconduct with any minor(s).

**ANSWER**:

**Objection calls for a legal conclusion and is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving previous objection, Martin has no information responsive to this request.**

29.     Identify all witnesses who suspected or have reported that they suspected that Martin had a propensity to commit Sexual Misconduct with any minor(s).

**ANSWER**:

**Objection calls for a legal conclusion and is beyond the FRCP Rule 33 limitation on written interrogatories and was already asked in Interrogatory No. 28. Without waiving any objection, Martin has no information responsive to this request.**

30.     Did Martin ever admit to any defendant or their employees or agents that he engaged in Sexual Misconduct with any minor(s)?

**ANSWER**:

**Objection calls for a legal conclusion and is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving previous objection, Martin made no such admission.**

31.     If the answer to Interrogatory No. 31 is yes, describe the facts relating to the admission(s).

**ANSWER**:

**None.**

32.     Identify all Employees who were assigned to work at the same assignment as Martin.

**ANSWER**:

**Objection, this Interrogatory No. 32 is not directed to this Defendant, overly broad, and is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving Dennis Herman, head softball coach, Bill Brehman was the head basketball coach, Maura Pineree was a field hockey coach, and Mary Tigues.**

33.     Did You, or anyone acting at your request at any time ever destroy any Documents relating to Martin? If so, describe the Documents You destroyed; including but not limited to the Person who destroyed the Documents, the date of destruction, and the reason why the Documents were destroyed.

**ANSWER**:

**Objection, this Interrogatory No. 33 is not directed to this Defendant, overly broad, and is**

**beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, several letters and cards were discarded in the late 1990s after the relationship with Sharon ended in the natural course of things.**

34. Describe with particularity any circumstances under which Martin has ever been prohibited by any defendant, either voluntarily or involuntarily, from performing all duties generally associated with her position, including whether she was subsequently allowed to resume her full duties.

**ANSWER:**

**Objection, this Interrogatory No. 34 is not directed to this Defendant and is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, none.**

35. If you provided a description in response to Interrogatory No. 35, please describe with particularity the date(s) and reason(s) why any defendant prohibited Martin from performing all duties generally required by her position.

**ANSWER:**

**Objection, this Interrogatory No. 35 is not directed to this Defendant and is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, none.**

36. Describe any information indicating that Martin was accused of or suspected of engaging in Sexual Misconduct at any other school district he was employed with.

**ANSWER:**

**Objection, this Interrogatory No. 36 is not directed to this Defendant, overly broad, and is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, none.**

37. Describe any information indicating that Martin had problems with alcohol or substance abuse at any other school district in which he was employed.

**ANSWER:**

**Objection, this Interrogatory No. 37 is not directed to this Defendant, overly broad, asked and answered, and is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, none.**

38.     Identify any Person, including plaintiff, who You contend has knowledge, or claims to have knowledge, of any facts relating to the incidents which are the subject matter of this litigation.

**ANSWER**:

**Objection, this Interrogatory No. 38 is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, Tammy McHaney a special education teacher during the timeframe of the allegations, and potentially the individuals identified in the Lake Forest PD investigation report.**

39.     Have You, or other Persons acting on Your behalf, contacted or spoken to any of the Persons named in the answer to Interrogatory No. 39?

**ANSWER**:

**Objection, this Interrogatory No. 39 is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, Ms. Martin and Ms. McHaney are friends that stay in regular contact with each other.**

40.     If the answer to Interrogatory No. 40 is yes, separately Identify each such Person.

**ANSWER**:

**Objection, this Interrogatory No. 40 is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, see answer to Interrogatory No. 38.**

41.     As to all Persons whose names are set forth in Your responses to Interrogatories 39, 40, or 41, have You, Your investigators, or anyone acting on Your behalf, obtained statements of any kind, whether written, stenographic, recorded, reported, or otherwise, from any law enforcement agency, from any non-lawsuit related internal inquiry, or from any other entity?

**ANSWER**:

**Objection, this Interrogatory No. 41 is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, no.**

42.     Do You have knowledge of any Document, report, statement, recording, or form of testimony by any Plaintiff, signed or unsigned? If so, briefly describe the Document or information with particularity.

**ANSWER**:

**Objection, this Interrogatory No. 42 is beyond the FRCP Rule 33 limitation on written interrogatories. Without waiving any objections, yes – the Police Statements and the communications between Sharon Flynn and Cynthia Martin identified in this Defendant's Responses to Requests to Produce.**

Date: March 28, 2024.                                Respectfully submitted,

                                                     **CYNTHIA MARTIN**

                                                     By: /s/ Brendan M. Murray

John H. Scheid, Jr.
Brendan M. Murray
Pretzel & Stouffer, Chartered
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
(312) 578-7503
jscheid@pretzel-stouffer.com
bmurray@pretzel-stouffer.com

# Exhibit 5

# FILED UNDER SEAL

# Exhibit 6

# FILED UNDER SEAL

# Exhibit 7

# FILED UNDER SEAL

# Exhibit 8

# FILED UNDER SEAL

# Exhibit 9

# FILED UNDER SEAL