### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SHARON F., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-02756 |
| v. | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| CYNTHIA MARTIN, LAKE FOREST | ) | |
| COMMUNITY HIGH SCHOOL | ) | |
| DISTRICT 115 and LAKE FOREST HIGH | ) | |
| SCHOOL, | ) | |
| Defendants. | ) | |

**DEFENDANT CYNTHIA MARTIN'S MOTION TO STAY DISCOVERY**

Defendant Cynthia Martin ("Cindy") respectfully moves this Court for an Order staying discovery pending resolution of Cindy's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 26(b)(2) and Local Rule 37.2. In support of this Motion to Stay, Cindy submits the following.

1. Good cause exists to enter an order staying discovery pending a ruling on Cindy's Motion for Summary Judgment. (*See*, Summary Judgment Motion, Dkt. # 110-116). The pending Motion for Summary Judgment raises threshold issues (namely, that the statute of limitations bars Plaintiff Sharon F.'s ("Sharon") claims since there is no suppressed memory) which, if granted, will dispose of the case altogether against Cindy, should the Court be inclined to do so. Consistent with the applicable law, Cindy respectfully requests that this Court stay discovery.

2. On October 15, 2024, the Court entered a briefing schedule on Cindy's Motion for Summary Judgment. (Dkt. # 117). The response is due November 8, 2024. The request for a stay until the Court resolves the motion further serves efficiency and will not prejudice Sharon.

3. Without a discovery stay, Cindy will be severely prejudiced and disadvantaged. The sole issue in this case is whether Sharon suppressed memories to prevent her case from being

barred by the statute of limitations. Sharon's deposition testimony, as argued in the Motion for Summary Judgment, makes clear that Sharon was aware the statute of limitations had already past, and she filed this case solely for vengeance and financial gain.

4. The pending Motion for Summary Judgment, which was filed on October 11, 2024, attacks Sharon's claims on the grounds that they are barred by the statute of limitations. (See Complaint, Dkt. #1). If granted, there would be no claims left for this Court to decide. Cindy submits that further discovery at this stage would be inefficient, impracticable, and an unproductive allocation of time and financial resources.

5. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) allows the trial court to limit the extent of discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Federal Rule of Civil Procedure 16(b)(4) allows for a schedule set by the trail court to be modified "for good cause." *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 802 (N.D. Ill. 2021).

6. Discovery stays are granted with some frequency. *DSM Desotech, Inc. v. 3D Systems Corp.*, 2008 U.S. Dist. LEXIS 87473, *4-5 (N.D. Ill. 2008). District courts have "extremely broad discretion" in controlling discovery. *Id*. at *4. In accordance with Federal Rule of Civil Procedure 26(c), a court may limit the scope of discovery or control its sequence in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *DSM Desotech,* at *4. To determine whether to grant a stay of discovery, the court considers three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and

on the court. *Rodriguez v. Ford Motor Co.,* 2022 U.S. Dist. LEXIS 41641, *1-2 (N.D. Ill. 2022) quoting, *Sadler v. Retail Properties*, 2013 U.S. Dist. LEXIS 206567, *1 (N.D. Ill. 2013).

7. A stay of discovery is warranted here for several reasons.

8. First, a stay is appropriate because the record is complete on the controlling issue, and these factors weigh in favor of a discovery stay. The only issue before the Court is whether the statute of limitations precludes Sharon's claim due to the doctrine of suppressed memory. Sharon's deposition, already completed, is the sole evidence necessary to address the issue of suppressed memory. Thus, no additional discovery is needed to resolve the dispositive questions before the Court. The Court's ruling on the Motion for Summary Judgment will impact the scope of discovery, or end it entirely. To avoid unnecessary expense party and non-party efforts, a stay of discovery until the decision on the pending dispositive motion would further efficiency.

9. Second, no party will suffer prejudice or gain an unfair tactical advantage through a stay of discovery. The motion for summary judgment relies on the documentary record, which is already available to Sharon. There would be no general prejudice to Sharon if a stay were granted. *Rodriguez,* at *2.

10. Third, the Motion for Summary Judgment, if granted, would dispose of the remaining issues, and could dispose of the case in its entirety on statute of limitations grounds. Cindy should not be required to participate in discovery when she is challenging the very propriety of her involvement as defendant under the profoundly deficient facts. Consequently, the factor concerning discovery and trial efficiency also weighs in favor of a stay because the costs and burden of discovery may prove unnecessary if the Court grants the Motion for Summary Judgment.

11. Fourth, a stay will reduce the burden of litigation on both parties. Recently, Sharon issued six deposition notices. There is no need for these depositions to go forward, and there is no

need for Cindy specifically to be required to sit for a 7-hour, personal, and difficult deposition. "Discovery creates a variety of costs and burdens for the parties and the court." *Liggins v. Reicks,* 2021 U.S. Dist. LEXIS 127302, *7 (N.D. Ill. 2021). Because a ruling in Cindy's favor on the Motion for Summary Judgment—in whole or in part—could greatly affect the cost and scope of discovery taken, a stay pending the Court's decision on pending dispositive motions will prevent unnecessary expenditure of time and resources. Accordingly, good cause exists to stay discovery in this matter.

      12.    On October 17, 204, prior to filing this motion, and pursuant to Local Rule 37.2, the undersigned counsel issued an email counsel for Sharon to ask if he would agree to stay discovery. After consultation in good faith, they were unable to reach an accord.

      WHEREFORE, Defendant Cynthia Martin respectfully requests that this Honorable Court enter an Order staying all discovery until the Court resolves the pending Motion for Summary Judgment, and for any and all other relief this Court deems fair, just, and appropriate.

Date: October 17, 2024

      Respectfully submitted,

      CYNTHIA MARTIN

      By:   /s/ *John H. Scheid, Jr.*

John H. Scheid, Jr. (IL Bar No. 6226015)
James J. Sipchen (IL Bar No. 6226113)
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606-4673
Phone: (312) 346-1973
jscheid@pretzel-stouffer.com
jsipchen@pretzel-stouffer.com

4

**CERTIFICATE OF SERVICE**

      The undersigned, one of the attorneys of record herein, hereby certifies that on **October 17, 2024,** he caused the foregoing Motion to Stay Discovery to be filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Ian R. Alexander (IL Bar #6228738)
Joseph M. Preiser (IL Bar #6300587)
**Goldberg & Goldberg**
33 North Dearborn Street, Suite 1930
Chicago, IL 60602
(312) 368-0255
ira@bgoldberglaw.com
josephp@bgoldberglaw.com

**Attorneys for Defendants Board of Education of Lake Forest High School District 115 and Lake Forest High School**

Jennifer A. Smith (IL Bar #6282870)
Michael J. Hernandez
Caroline K. Kane
**Franczek, P.C**.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300
jas@franczek.com
mjh@franczek.com
ckk@franczek.com

    /s/ *John H. Scheid, Jr.*
    John H. Scheid, Jr. (IL Bar No. 6226015)
    James J. Sipchen (IL Bar No. 6226113)
    PRETZEL & STOUFFER, CHARTERED
    200 South Wacker Drive, Suite 2600
    Chicago, Illinois 60606
    Tel: (312) 346-1973
    *jscheid@pretzel-stouffer.com*
    *jsipchen@pretzel-stouffer.com*