IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| SHARON F., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-02756 |
| v. | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| CYNTHIA MARTIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY PLAINTIFF'S IDENTITY SHOULD REMAIN ANONYMOUS

Plaintiff, SHARON F., by and through her counsel, GOLDBERG & GOLDBERG, LLC, respectfully submits this response to the Court's June 10, 2026, Order directing her to show cause why her full name should not be set forth in the case caption. For the reasons set forth below, the balance of harms strongly favors continued anonymity, and Plaintiff respectfully requests that she be permitted to proceed under the pseudonym "SHARON F."

### I.      LEGAL STANDARD

The Seventh Circuit has recognized that district judges may "permit pseudonymous litigation when the balance of harms justifies it." Anonymity may be justified if a court finds that the plaintiff "is a minor, is at risk of physical harm, or faces improper retaliation." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491-93 (7th Cir. 2024).

### II.      ARGUMENT

This case involves allegations of childhood sexual abuse of the most sensitive and intimate nature. Sharon alleges that Cynthia Martin began a sexual relationship with her in 1986, while Sharon was still a minor and Martin was her teacher and coach. The subject matter of this litigation, the sexual exploitation of a minor by a trusted authority figure, and the psychological

harm that followed, is precisely the type of deeply personal information that courts in this Circuit have recognized as warranting protection from public disclosure.

Public identification of Sharon by her full name would cause serious, concrete harm that far outweighs any interest in disclosure. Sharon has suffered, and continues to suffer, injuries including severe and permanent emotional distress resulting in physical manifestations, embarrassment, loss of self-esteem, and humiliation. Compelling her to litigate under her full name would compound these ongoing harms by broadcasting the details of her sexual victimization, and her identity as a victim, to the general public, her professional community, and her personal relationships.

The risk of harm here is not speculative. Sharon is a physician who completed medical school in 2000 and her residency in 2003, specializing in internal medicine, with training that also included pediatric medicine. Public disclosure of her identity in connection with allegations of childhood sexual abuse and long-term psychological injury could cause significant professional reputational damage entirely unrelated to the merits of her claims. This type of collateral harm, particularly where it flows from the exposure of sexual victimization rather than any wrongdoing by the plaintiff, weighs heavily in favor of anonymity.

Additionally, the nature of the abuse alleged here involved sustained psychological manipulation and grooming. Sharon alleges that Martin groomed her beginning at the age of sixteen to believe their relationship was "special, loving and normal," and continued her efforts to prevent Sharon from understanding that their relationship was inappropriate even after Sharon reached adulthood. The psychological effects of that grooming are themselves at issue in this case. Requiring Sharon to affix her full name to each public filing in this litigation, including filings that detail the intimate and exploitative aspects of her relationship with Martin, risks

2

exacerbating precisely those psychological harms.

Finally, no legitimate interest of the defendants or the public is substantially undermined by permitting Sharon to proceed pseudonymously. The defendants have known the plaintiff's full identity throughout this litigation, have had full opportunity to conduct discovery, and have not been prejudiced by her use of a pseudonym. The public interest in open proceedings is adequately served by the detailed factual record in this case; disclosure of Sharon's full name adds nothing of substance to public understanding of the issues presented.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to continue litigating under the pseudonym "Sharon F." The profound sensitivity of the subject matter, the ongoing psychological harm she has sustained, the professional consequences of public identification, and the absence of prejudice to any party all support this request.

Date: June 16, 2026

Respectfully Submitted,

GOLDBERG & GOLDBERG, LLC

By:___*/s/ Ian R. Alexander*_____
Attorney for Plaintiff

Ian R. Alexander (IL Bar # 6228738)
Joseph M. Preiser (IL Bar # 6300587)
GOLDBERG & GOLDBERG, LLC
33 North Dearborn Street, Suite 1930
Chicago, IL 60602
(312) 368-0255
ira@goldbergchicago.com
jp@goldbergchicago.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on **June 16, 2026,** the foregoing Response To Order To Show Cause Why Plaintiff's Identity Should Remain Anonymous was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

**Attorneys for Defendant Cynthia Martin**

James J. Sipchen
John H. Scheid, Jr.
Brendan M. Murray
Pretzel & Stouffer, Chtd.
200 S. Wacker Drive, Ste. 2600
Chicago, IL 60606
(312) 578-7422
jsipchen@pretzel-stouffer.com
jscheid@pretzel-stouffer.com
bmurray@pretzel-stouffer.com

**Attorneys for Defendants Board of Education of Lake Forest High School District 115 and Lake Forest High School**

Jennifer A. Smith Michael J. Hernandez
Caroline K. Kane
Franczek, P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300
jas@franczek.com
mjh@franczek.com
ckk@franczek.com